

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00265-CV

| | |
|---|---|
| TODD C. BRENNAN, VALERIE S. SMITH, FRANK GALLISON, NANETTE GALLISON, REBECCA HANLEY, GORDON HIEBERT, KIMBERLY HIEBERT, WILLIAM HOOD, LEONILA HOOD, LAYNE KASPER, JESSICA KASPER, JAMES KITCHEN, MARTHA KITCHEN, SHAUN KRETZSCHMAR, NATALIE KRETZSCHMAR, SCOTT MITCHELL, LESLIE MITCHELL, EVAN PETERSON, GAYLE PETERSON, BRIAN STAGNER, AMY STAGNER, STEVEN TOMHAVE, JETTY TOMHAVE, ROBERT WOOD, AND MARY FRANCES WOOD | APPELLANTS |

V.

| | |
|---|---|
| CITY OF WILLOW PARK, TEXAS; CITY OF ALEDO, TEXAS; PARKER COUNTY APPRAISAL DISTRICT; PARKER COUNTY APPRAISAL REVIEW BOARD; AND LARRY HAMMONDS IN HIS OFFICIAL CAPACITY AS PARKER COUNTY TAX ASSESSOR/COLLECTOR | APPELLEES |

----------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

**OPINION ON REHEARING**

----------

On June 21, 2012, this court issued an opinion reversing the trial court's judgment and remanding Appellants' claims for declaratory judgment, for injunctive relief, and for a writ of mandamus asserted against all Appellees, to the trial court for further proceedings. Appellee City of Aledo filed a motion for rehearing and motion for en banc reconsideration. After due consideration, we deny City of Aledo's motion but withdraw our prior opinion and judgment dated June 21, 2012, and substitute the following in its place solely to correct a factual misstatement in our original opinion that both Cities[1] had filed collection suits against Appellants; as pointed out by City of Aledo in its motion, only City of Willow Park had filed collection suits.

### I. INTRODUCTION

The primary issue that we address in this appeal is whether the trial court erred by dismissing for want of jurisdiction Appellants' claims against Appellees for declaratory judgment, for injunctive relief, and for mandamus. Because we hold that the trial court possesses jurisdiction over all of Appellants' claims

---

[1] The term "Cities" as utilized herein refers to City of Willow Park and City of Aledo.

2

against all Appellees, we will reverse the trial court's judgment sustaining Appellees' pleas to the jurisdiction and remand Appellants' claims to the trial court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Appellants own homes in Parker County, Texas. Appellants received tax bills from Parker County Appraisal District and paid the bills. At some point in the fall of 2008, Appellees realized that prior tax bills for the years 2003–2007 that were submitted by Parker County Appraisal District to Appellants—and paid by Appellants—had erroneously not included city taxes. Consequently, in October 2008, Parker County Appraisal District mailed Appellants a "notice" stating that "pursuant to the requirements of Property Tax Code section 25.21[,]" Appellants' properties had been "omitted" from the appraisal rolls for the past five years. The notices enclosed a tax bill for city taxes for the years 2003–2007, and the notices stated that the "total tax shown on the attached statement is due upon receipt."

On December 9, 2008, Parker County Appraisal Review Board (ARB) approved the supplemental appraisal records for the year 2008 as corrected and found that the supplemental appraisal records "should be . . . added to the appraisal roll for the district."

Appellants refused to pay the tax bills purportedly assessing back city taxes for the years 2003–2007, and City of Willow Park filed collection suits against Appellants. Appellants joined third-party defendants City of Aledo, Parker County Appraisal District, Parker County ARB, each of Parker County

3

ARB's members in their official capacity, and Larry Hammonds in his official capacity as Parker County Tax Assessor/Collector.[2] Appellants also asserted counterclaims and third-party claims for declaratory judgment, injunctive relief, and mandamus.

Appellees filed pleas to the jurisdiction, alleging that Appellants had not exhausted their administrative remedies and that, in any event, Appellees were entitled to governmental immunity. Following a hearing, the trial court granted Appellees' pleas to the jurisdiction, ordering that all counterclaims and third-party claims asserted by Appellants were dismissed with prejudice.[3]

Appellants perfected this appeal, raising one issue that contains three subissues. In subissues A and B, Appellants claim that their failure to pursue any protest procedures does not deprive the trial court of jurisdiction over their claims. In subissue C, Appellants claim that the doctrine of governmental immunity does not bar their claims.

---

[2]The taxing entities in Parker County, including the Cities, contracted for Parker County Appraisal District to serve as their tax collector. *See* Tex. Tax Code Ann. § 6.24(a) (West 2008). Therefore, Hammonds, as the chief appraiser for Parker County Appraisal District, also serves as the Cities' tax collector.

[3]Appellants also filed a plea to the jurisdiction. Appellants' plea alleged that the trial court lacked jurisdiction over the Cities' claims against Appellants because the Cities had failed to exhaust their administrative remedies by failing to invoke the challenge petition procedure set forth in tax code section 41.03, entitled "Challenge by Taxing Unit" and authorizing a taxing unit to challenge before Parker County ARB the "failure to identify the taxing unit as one in which a particular property is taxable." *Id.* § 41.03(a)(5) (West 2008). The trial court did not rule on Appellants' plea to the jurisdiction; thus, the merits of Appellants' plea to the jurisdiction are not before us in this appeal.

4

## III. STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). It is the plaintiff's burden to allege facts that affirmatively establish the trial court's subject matter jurisdiction. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). In determining whether the plaintiff has met this burden, we look to the allegations in the plaintiff's pleadings, accept them as true, and construe them in favor of the plaintiff. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). While we must construe the allegations in favor of the plaintiff, we are not bound by legal conclusions. *Tex. Natural Res. & Conservation Comm'n v. White*, 13 S.W.3d 819, 822 (Tex. App.—Fort Worth 2000), *rev'd on other grounds*, 46 S.W.3d 864 (Tex. 2001); *Tex. Parks & Wildlife Dep't v. Garrett Place, Inc.*, 972 S.W.2d 140, 143 (Tex. App.—Dallas 1998, no pet.). When deciding a plea to the jurisdiction, we must consider evidence "when necessary to resolve the jurisdictional issues raised." *Bland ISD v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). The standard of review of an order granting a plea to the jurisdiction is de novo. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998), *cert. denied*, 526 U.S. 1144 (1999).

## IV. THE TRIAL COURT'S JURISDICTION

Appellees' pleas to the jurisdiction asserted two grounds for their contention that the trial court lacked jurisdiction over Appellants' counterclaims and third-party claims for declaratory judgment, for injunctive relief, and for mandamus: first, that Appellants failed to exhaust their administrative remedies under the tax code;[4] and second, that governmental immunity bars Appellants' suit. We address these issues in turn.

## A. Exhaustion of Administrative Remedies

### 1. The Law

The statutory administrative review requirements of the tax code are mandatory and jurisdictional. *See, e.g.*, *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006); *Matagorda Cnty. Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 331 (Tex. 2005). The policy behind the exhaustion-of-administrative-remedies doctrine is to allow the agency involved to resolve disputed issues of fact and policy and to assure that the appropriate body adjudicates the dispute. *Essenburg v. Dallas Cnty.*, 988 S.W.2d 188, 189 (Tex. 1998). Similarly, the policy seeks to encourage parties to resolve their dispute without resorting to litigation when an administrative procedure is provided for that purpose. *See Strayhorn v. Lexington Ins. Co.*, 128 S.W.3d 772, 780 (Tex. App.—Austin 2004), *aff'd*, 209 S.W.3d 83 (Tex. 2006); *Vela v. Waco ISD*, 69 S.W.3d 695, 702 (Tex. App.—Waco 2002, pet. withdrawn). But there are several

---

[4]All statutory citations herein are to the Texas Tax Code unless indicated otherwise.

long-recognized exceptions to the exhaustion-of-administrative-remedies doctrine: (1) when an injunction is sought and irreparable harm would result; (2) when the administrative agency cannot grant the requested relief; (3) when the issue presented is purely a question of law; (4) when certain constitutional issues are involved; and (5) when an administrative agency purports to act outside its statutory powers. *Strayhorn*, 128 S.W.3d at 780; *Gibson v. Waco ISD*, 971 S.W.2d 199, 201–02 (Tex. App.—Waco 1998), *vacated on other grounds*, 22 S.W.3d 849 (Tex. 2000); *see Larry Koch, Inc. v. Tex. Natural Res. Conservation Comm'n*, 52 S.W.3d 833, 839–40 (Tex. App.—Austin 2001, pet. denied). In the case of an agency acting outside of its statutory power, "the purposes underlying the exhaustion rule are not applicable: judicial and administrative efficiency are not served, and agency policies and expertise are irrelevant, if the agency's final action will be a nullity." *Strayhorn*, 128 S.W.3d at 780 (quoting *Larry Koch, Inc.*, 52 S.W.3d at 840).

### 2. Application of the Law to the Present Facts

The October 3, 2008 "Notice of Omitted Property Determination" and the enclosed tax bill that Appellants received provided, in pertinent part:

> This Notice is provided pursuant to the requirements of Texas Property Tax Code Sec. 25.21, which requires the chief appraiser, if he discovers that real property was omitted from an appraisal roll in any one of the five preceding years, to add the appraised value of the omitted property to the appraisal records as of January 1 of each year that it was omitted. Please be advised that the [City of Willow Park or City of Aledo] has informed me that the property described above was located within its jurisdiction but was not included on its appraisal roll for the tax years described on the attached tax

7

statement. Therefore, the property value must be supplemented to the City's appraisal roll and [City of Willow Park or City of Aledo] taxes collected for each year that it was omitted.

You have the right to appeal this determination to the Parker County Appraisal Review Board (ARB). . . .

The total tax shown on the attached statement is due upon receipt and will be delinquent if not paid before **February 1, 2010**.

It is undisputed that the October 3, 2008 determination of omitted property was the only notice provided to Appellants, that tax bills were enclosed with the determination, and that Appellants did not file a protest.

The December 9, 2008 Parker County ARB order approving the supplemental appraisal records for 2008 provides:

ORDER APPROVING SUPPLEMENTAL
APPRAISAL RECORDS FOR 2008

On December 9, 2008, the Appraisal Review Board of Parker County, Texas, met to approve supplemental appraisal records for tax year 2008.

The board finds that the supplemental records, as corrected by the chief appraiser according to the orders of the board, should be approved and added to the appraisal roll for the district.

The board therefore APPROVES the supplemental records as corrected.

The chairman of Parker County ARB signed the order. Appellants did not file any type of protest from this order.

Appellees argue that section 42.09, entitled "Remedies Exclusive,"[5] bars Appellants' counterclaims and third-party claims for declaratory relief, injunctive relief, and mandamus relief because Appellants failed to exhaust their administrative remedies as set forth in chapter 41 of the tax code concerning either the October 28 determination of omitted property, the enclosed tax bill, or the December 9, 2008 Parker County ARB order. *See* Tex. Tax Code Ann. §§ 42.09, 41.01–.71 (West 2008) (outlining the administrative protest procedure available to a property owner to challenge valuation of his property by an appraisal district); *see generally Webb Cnty. Appraisal Dist. v. New Laredo Hotel*, 792 S.W.2d 952, 954 (Tex. 1990) (discussing protest procedure). Appellants, on the other hand, argue that exhaustion of administrative remedies—that is, utilization of the protest procedure set forth in chapter 41—was not required based on the exceptions to the exhaustion-of-administrative-remedies doctrine. Appellants argue that the doctrine does not apply because Appellees acted outside their statutory powers.[6]

---

[5]Section 42.09 provides, in part, that "procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive." Tex. Tax Code Ann. § 42.09(a) (West 2008).

[6]Appellants assert that the other exceptions to the exhaustion-of-administrative-remedies doctrine also apply here, but only a discussion of the acting-outside-statutory-powers exception is necessary to the disposition of this appeal. *See* Tex. R. App. P. 47.1 (requiring appellate court to address only issues necessary to final disposition of an appeal).

We note, however, that Appellants' contention that the administrative-agency-cannot-grant-the-relief-requested exception to the exhaustion-of-

9

Specifically, Appellants contend that the October 2008 notice and enclosed tax bill—both purportedly generated under the authority of section 25.21—were not subject to protest under any provision of the tax code because section 25.21 does not authorize the addition of a taxing unit to appraisal records when the subject property is already properly appraised and is already contained in the appraisal district's appraisal records. According to Appellants, the action of the chief appraiser—in utilizing section 25.21 to purportedly add to the district's appraisal records the Cities as taxing units of Appellants' properties—is void, without statutory authority, violates Appellants' due process rights, and provides no basis for the tax bills that Appellants received simultaneously with the notices. Also according to Appellants, the actions of Parker County ARB and Parker County Appraisal District—in authorizing the tax assessor/collector to utilize section 25.21 to issue tax statements for back city taxes based on the addition of taxing units of Appellants' properties for the years 2003–2007 and in approving supplemental appraisals for the tax year 2008 that purportedly contain the assessment of back city taxes on Appellants' properties for the years 2003–2007 based on the addition of the taxing units—are likewise void, without statutory

administrative-remedies doctrine is also potentially dispositive because no protest procedures exist to contest an already-issued, statutorily unauthorized tax bill received from the tax assessor collector on already-appraised property. *See* Tex. Tax Code Ann. § 41.41(a)(9) (authorizing protest of actions of chief appraiser, appraisal district, or appraisal review board but not actions of tax assessor/collector); *Dallas Cent. Appraisal Dist. v. 1420 Viceroy Ltd. P'ship*, 180 S.W.3d 267, 269–70 (Tex. App.—Dallas 2005, no pet.) (explaining that tax code did not authorize protest of action of taxing unit).

authority, and violate Appellants' due process rights. Thus, Appellants argue that, because the actions of Parker County Appraisal District and Parker County ARB were all outside the statutory authority granted them under the tax code, the acting-outside-statutory-powers exception to the exhaustion-of-administrative-remedies doctrine applies here. We address the application of this exception to the present facts, that is, whether Parker County Appraisal District and Parker County ARB acted outside their statutory authority by purporting to add the Cities as taxing units of Appellants' properties for the years 2003–2007 under the authority of section 25.21, by assessing back taxes on Appellants' properties based on the addition of the Cities as taxing units, and by approving the subsequent 2008 supplemental appraisal records, so as to excuse Appellants from exhausting administrative remedies.

The notices sent to Appellants indicated that they were sent pursuant to section 25.21. That section provides:

### § 25.21.  Omitted Property

(a)  If the chief appraiser discovers that real *property was omitted* from an appraisal roll in any one of the five preceding years or that personal *property was omitted* from an appraisal roll in one of the two preceding years, he *shall appraise the property* as of January 1 of each year that it was omitted and *enter the property and its appraised value in the appraisal records*.

(b)  The entry shall show that the appraisal is for *property that was omitted* from an appraisal roll in a prior year and shall indicate the year and the appraised value for each year.

Tex. Tax Code Ann. § 25.21 (West 2008) (emphasis added). This section

11

addresses the situation in which *property* has been omitted from the appraisal district's appraisal records. The remedy provided by this section is the entry of "the *property* and its appraised value in the appraisal records." *Id*. (emphasis added).

The terms "property" and "taxing unit" are not interchangeable; the tax code defines the term "property" as "any matter or thing capable of private ownership" and defines the term "taxing unit" as including "an incorporated city or town (including a home-rule city)." *Id*. § 1.04(1), (12) (West 2008). When a statute defines a term, we are bound to construe that term by its statutory definition only. *See* Tex. Gov't Code Ann. § 311.011(b) (West 2005); *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 317 (Tex. 2002); *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 274 (Tex. 1995).

Here, Appellants' *properties* were already properly appraised and entered in the appraisal records of Parker County for the years 2003–2007. Indeed, Appellants paid all property taxes assessed against their properties for the years 2003–2007. The problem here was that *taxing units*—specifically, the Cities— were not listed in the 2003–2007 Parker County appraisal records as taxing units in which Appellants' properties were taxable. Thus, the taxes assessed against Appellants' properties and paid by Appellants for the years 2003–2007 did not include city taxes. The remedy for omitted property set forth in section 25.21— appraising the property as of January 1 of each year that it was omitted and entering the property and its appraised value in the appraisal records—

12

accomplishes nothing here. Appellants' properties were already properly appraised for the years 2003, 2004, 2005, 2006, and 2007 and were already properly entered in Parker County's appraisal records for those years. No remedy is provided in section 25.21 for omitted taxing units.[7] Thus, Appellees acted outside their statutory authority by utilizing section 25.21 to add the Cities as taxing units of their properties.

---

[7]The cases relied upon by Appellees do not involve a challenge to the use of section 25.21 to add taxing units to a district's appraisal records, as in this case, or allege that a government official or agency acted outside his or its statutory authority, as in this case; the cases relied upon by Appellees involve challenges to an appraisal. *See Cameron Appraisal Dist*., 194 S.W.3d at 501–02 (taxpayers were required to file a protest to challenge appraisal district's decision to appraise their trailers as "manufactured homes," instead of as nontaxable "recreational vehicles"); *Matagorda Cnty. Appraisal Dist.*, 165 S.W.3d at 330–31 ("[i]n this case, the taxpayer Coastal Liquids Partners, L.P. challenged the Matagorda County Appraisal District's valuation of the Hiltpold #1 and Hudson #3 caverns"); *Webb Cnty. Appraisal Dist*., 792 S.W.2d at 952 ("[t]his case involves a dispute over property tax valuation[;] . . . the [] appraisal district valued the property at $4,648,638.00[; and t]axes were to be assessed on that amount"); *MAG-T, L.P. v. Travis Cent. Appraisal Dist*., 161 S.W.3d 617, 625–27 (Tex. App.—Austin 2005, pet. denied) (explaining that taxpayers filing amnesty renditions on untaxed personal property were required to protest increase in appraised value of property that was made to account for the personal property disclosed in the renditions). Appellants here do not challenge the valuation or appraisal of their properties.

Likewise, City of Aledo's contention that section 25.21's use of the phrase "omitted from *an* appraisal roll" could mean omitted from the city's appraisal roll fails because an appraisal district is not authorized to add a property to a city's appraisal roll unless the city is first identified in the district's records as a taxing unit of the property. *See* Tex. Tax Code Ann. § 25.02(a)(11) (West 2008) (indicating that district's appraisal records shall include an identification of each taxing unit in which the property is taxable), § 26.01(a) (West Supp. 2012) (providing that the taxing unit's appraisal roll is that part of the district's appraisal roll that lists the property taxable by the unit).

Appellees also contend that section 25.23(a)(1), entitled "Supplemental Appraisal Records," authorized them to utilize section 25.21 to include the Cities as taxing units in supplemental 2008 appraisal records and that Parker County ARB's December 9, 2008 order approved those supplemental appraisal records. Appellees then assert that Appellants should have protested the December 9, 2008 ARB order. Appellees' argument fails for two reasons. First, section 25.23(1), like section 25.21, authorizes supplemental appraisal records that add omitted "property," not omitted "taxing unit[s,]" and the two statutorily defined terms are not interchangeable. *See* Tex. Tax Code Ann. §§ 1.04(1), (12), 25.23(a)(1) (West 2008). We cannot construe section 25.23(a)(1) as authorizing the addition of "taxing units" to appraisal records via supplemental appraisal records when section 25.23 uses the term "property." *See* Tex. Gov't Code Ann. § 311.011(b); *see also Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 637–38 (Tex. 2010) (explaining that even when it appears that the legislature may have made a mistake, courts are not empowered to "fix" the mistake by disregarding direct and clear statutory language that does not create an absurdity). Second, to the extent that section 25.23 may be construed to authorize the chief appraiser to prepare supplemental appraisal records including property that was omitted from an appraisal roll in a prior tax year (like Appellees contend Appellants' properties were omitted from the Cities' appraisal rolls here), section 25.23 dictates the substantive and procedural mechanisms required to generate supplemental appraisal records. *See* Tex. Tax Code Ann. § 25.23.

14

Section 25.23 mandates that the supplemental appraisal records "shall" include the items set forth in section 25.02 and that the chief appraiser "shall" certify the addition to the taxing units. *Id.* § 25.23(a)(1), (2), (b), (e). One of the items that section 25.02 requires to be included in any supplemental appraisal record is "the tax year to which the appraisal applies." *Id.* § 25.02(a)(10). The jurisdictional facts submitted to the trial court by Appellants via an affidavit and the attachments thereto establish that the supplemental appraisal records generated by Appellees included only 2008 as the tax year to which the appraisal applied. The jurisdictional facts submitted to the trial court by Appellants also establish that the supplemental appraisal records generated by Appellees have not been certified to the Cities and that the Cities' appraisal rolls have not been altered to include Appellants' properties for the years 2003–2007. Appellants argue that because of these statutory deficiencies, even if section 25.23 authorizes Appellees to add taxing units via supplemental appraisal records, Appellees have not complied with the statutory prerequisites to accomplish this and that, therefore, "nothing has actually happened *vis-à-vis* the Appellants that would require the Appellants to take any action under the Tax Code for the tax years 2003 to 2007." In other words, Appellants argue that Appellees did not in fact generate supplemental appraisal records for tax years 2003–2007 and that the December 9, 2008 ARB order applied only to the tax year 2008, such that a protest of the 2008 order was unnecessary and not relevant to Appellants' complaints about the 2003–2007 back taxes.

Appellees argue that supplemental appraisal records assessing back taxes are to be included in the current year's appraisal records and cite *Atascosa County v. Atascosa County Appraisal Dist.*, 990 S.W.2d 255, 258 (Tex. 1999), for this proposition. Appellees may be correct; however, the proposition of law is not relevant here because—as discussed above—based on the jurisdictional facts in the record, no supplemental appraisal records exist for the years 2003–2007,[8] and thus supplemental appraisal records for the years 2003–2007 could not have been included within the supplemental appraisal records approved by Parker County ARB in its December 9, 2008 order approving supplemental appraisal records for 2008. Because section 25.23(a)(1) does not authorize the inclusion of the Cities as taxing units in supplemental appraisal records and because the statutory requisites for inclusion of Appellants' properties on the Cities' appraisal rolls for the tax years 2003–2007 via supplemental appraisal records were not met, Parker County ARB acted outside its statutory authority by purporting to approve the inclusion of the Cities as taxing units of Appellants' properties for the years 2003–2007 via the December 9, 2008 order approving supplemental appraisal records for 2008.

Appellees next contend that *Atascosa County* and section 11.43(i) support the proposition that the chief appraiser may utilize section 25.21 to add taxing

[8]That is, no supplemental appraisal record exists indicating that it is for any of the tax years 2003–2007 as required by section 25.23(b) and section 25.02(a)(10).

16

units to the county's appraisal records when those taxing units were omitted from the county's appraisal records in prior years. Our review of *Atascosa County* and of section 11.43(i) reveals no such support. In *Atascosa County*, the county and the school district filed a challenge petition pursuant to tax code section 41.03 claiming that property owned by a previously not-for-profit hospital had been erroneously granted tax-exempt status after the hospital became a for-profit entity and sought back-appraisal for the previous five years. 990 S.W.2d at 256–57. The supreme court explained that the chief appraiser has a duty to appraise property and that tax code section 11.43(i) mandates the reappraisal of property for the years it either was excluded from taxation based on an erroneous exemption or was subject to reduced taxation based on an erroneous exemption. *Id*. at 257; *see* Tex. Tax Code Ann. § 11.43(i) (West Supp. 2012) (providing that if chief appraiser discovers that an exemption has been erroneously allowed in any one of the preceding five years, he shall add the property or appraised value that was erroneously exempted for each year to the appraisal roll as provided by section 25.21). The remedy for an erroneously allowed exemption is for the chief appraiser to reappraise the property without applying the erroneous exemption and to add the erroneously exempted property or the value of the erroneously applied exemption to the appraisal roll. Tex. Tax Code Ann. § 11.43(i). Here, unlike in *Atascosa County*, the chief appraiser did not discover that Appellants had been erroneously allowed to claim an exemption to their properties; here, Appellants claimed no exemption, and no exemption was applied to their

17

properties. Here, unlike in *Atascosa County*, there is nothing for the chief appraiser to reappraise; Appellants' properties were properly appraised and were properly entered in the county's appraisal records at their appraised values for the years 2003–2007. Here, unlike in *Atascosa County*, the remedy sought by Appellees is not the addition of erroneously exempted property or the addition to a property's appraisal of the value of an erroneously applied exemption. Appellees here seek the addition of taxing units to the county's appraisal records. Neither *Atascosa County* nor section 11.43(i) supports the proposition that section 25.21 may be utilized to add taxing units to the county's appraisal records.

Accordingly, in our de novo review of the trial court's dismissal of Appellants' claims for want of jurisdiction, we hold that based on the pleadings, the jurisdictional facts presented, and the relevant provisions of the tax code, Appellants' failure to exhaust administrative remedies concerning the October 2008 section 25.21 notice and enclosed tax bill or concerning the December 9, 2008 Parker County ARB order approving supplemental appraisal records for 2008 falls within one of the doctrine's exceptions—that being that Appellees Parker County Appraisal District and Parker County ARB acted outside their statutorily authorized power by utilizing section 25.21 and/or section 25.23(a)(1) to assess back city taxes against Appellants based on the omission of taxing

18

units from the district's appraisal records.[9]  Having determined that Appellants'

failure to pursue any type of protest procedure falls within the acting-outside-

statutory-powers exception to the exhaustion-of-administrative-remedies

doctrine, we sustain subissues A and B of Appellants' sole issue.

## B.  Governmental Immunity Concerning
## Claims for Declaratory Judgment, Injunctive Relief, and Mandamus

### 1.  Declaratory Judgments

### a.  The Law

The Declaratory Judgments Act (DJA) grants any litigant whose rights are

affected by a statute the opportunity to obtain a declaration of those rights under

the statute and requires that all relevant parties be joined in any declaratory

judgment suit.  Tex. Civ. Prac. & Rem. Code Ann. §§ 37.004, .006(a) (West

2008) ("When declaratory relief is sought, all persons who have or claim any

interest that would be affected by the declaration must be made parties.  A

declaration does not prejudice the rights of a person not a party to the

proceeding"); *see also Tex. Lottery Comm'n*, 325 S.W.3d at 634.  Therefore,

when a governmental entity is a necessary party to a statutory cause of action,

---

[9]Appellees argue that property owners are under a duty to pay taxes, even in the absence of a tax bill.  *See* Tex. Tax Code Ann. § 31.01(g) (West Supp. 2011); *McPhail v. Tax Collector of Van Zandt Cnty.*, 280 S.W. 260, 265 (Tex. Civ. App.—Dallas 1925, writ ref'd).  We do not hold otherwise; in this interlocutory appeal from the trial court's order sustaining Appellees' pleas to the jurisdiction on all Appellants' claims, we need not and do not determine the merits of the proper procedure to be utilized by Appellees in assessing and collecting back city taxes on Appellants' properties.  We hold only, as set forth below, that the trial court possesses jurisdiction over Appellants' claims.

such as an action under the DJA for interpretation of a statute, sovereign immunity is expressly waived. *See City of La Porte v. Barfield*, 898 S.W.2d 288, 297 (Tex. 1995), *superseded by statute on other grounds as stated in Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54 (Tex. 2011); *see also Tex. Lottery Comm'n*, 325 S.W.3d at 634 (noting that because DJA permits statutory challenges and governmental entities may be bound by those challenges, the Act contemplates that the entities must be joined in those suits); *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 445–46 (Tex. 1994) (same). The DJA allows courts to declare relief—i.e., construe statutes—whether or not further relief is or could be claimed. *Tex. Lottery Comm'n*, 325 S.W.3d at 635.

A declaratory judgment action may also be brought by private parties seeking declaratory relief against state officials who allegedly act without legal or statutory authority; such suits are not suits against the State because "suits to compel state officers to act within their official capacity do not attempt to subject the State to liability." *IT–Davy*, 74 S.W.3d at 855 (citations omitted); *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997); *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 371 (Tex. 2009) (explaining that suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity). Nor will governmental immunity defeat a claim for declaratory or injunctive relief seeking the refund of illegally collected taxes or fees if the plaintiff alleges "that the payments were made as a result of fraud, mutual mistake of fact, or duress, whether express or implied." *See Tara*

*Partners, Ltd. v. City of S. Houston*, 282 S.W.3d 564, 576 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *see also Rolling Plains Groundwater Conservation Dist. v. City of Aspermont*, 353 S.W.3d 756, 759 (Tex. 2011); *Dallas Cnty. Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 876–79 (Tex. 2005); *Camacho v. Samaniego*, 954 S.W.2d 811, 822 (Tex. App.—El Paso 1997, writ denied).

### b. Application of the Law to the Present Facts

Liberally construing Appellants' pleadings, as we must, Appellants pleaded two declaratory judgment claims. *See Miranda*, 133 S.W.3d at 226 (requiring liberal construction of plaintiff's pleadings). First, they asserted a claim for declaratory judgment of the rights, duties, and obligations of the parties under the various cited tax code provisions to define the boundaries of what is permissible under the law for Government Entities (Parker County Appraisal District, Parker County ARB, and the Cities) and Government Officials (Larry Hammonds as Parker County Tax Assessor/Collector and the members of Parker County ARB in their official capacity) seeking to recover city taxes from Appellants for the years 2003–2007. Second, Appellants also pleaded that Larry Hammonds in his official capacity as Parker County Tax Assessor/Collector acted outside his statutorily authorized authority by purporting to utilize section 25.21 to add the Cities as taxing entities of Appellants' properties for the years 2003–2007 and by issuing an illegal or void tax bill based on the unlawful addition of the Cities as taxing entities and that the members of Parker County ARB in their official capacity also possessed no legal or statutory authority to "supplement" Parker

21

County Appraisal District's appraisal records with the omitted taxing units in the way that they attempted to, by purporting to utilize sections 25.21 and 25.23.

Our holdings above—that Appellants were not required to exhaust their administrative remedies because section 25.21 did not authorize Parker County Appraisal District to add the Cities as taxing units of Appellants' properties for the years 2003–2007, and that because neither section 25.21 nor section 25.23(a)(1) authorized Parker County ARB to supplement the Parker County Appraisal District's appraisal records to add the Cities as taxing units of Appellants' properties or to the extent section 25.23 did authorize the supplementation of the Cities' appraisal rolls with Appellants' properties, these Appellees failed to comply with the statutory requisites to do so—are dispositive of the pleas to the jurisdiction asserted by Larry Hammonds in his official capacity as tax assessor/collector and by the members of Parker County ARB in their official capacity concerning Appellants' declaratory judgment claims.

The general rule in Texas is that courts do not interfere with the statutorily conferred duties and functions of an administrative agency. *Westheimer ISD v. Brockette*, 567 S.W.2d 780, 785 (Tex. 1978). But, if a state agency or official acts without authority and contrary to express statutes, the aggrieved party may appeal directly to the courts. *MAG-T, L.P.*, 161 S.W.3d at 625; *Strayhorn*, 128 S.W.3d at 777. An action to determine or protect a private party's rights against a state official who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars. *See Heinrich*, 284 S.W.3d at

22

368. This is because a state official's illegal or unauthorized actions are not acts of the State. *Fed. Sign*, 951 S.W.2d at 404. But, because a state agency or official acting without legal or statutory authority is not acting on behalf of the State, such a suit—including a declaratory judgment action—must be brought against the state actors in their official capacity. *Heinrich*, 284 S.W.3d at 377 (recognizing Heinrich "has sued the Board members in their official capacities, and her claims are therefore not automatically barred by immunity"). This is true, even though the suit is, for all practical purposes, a suit against the State. *Id.*

Appellants asserted a declaratory judgment action against Larry Hammonds in his official capacity as tax assessor/collector of Parker County Appraisal District and against each member of Parker County ARB in their official capacity, alleging in part that "immunity is waived or excepted by actions taken by government officials that are *ultra vires* of the scope of their authority." Construing Appellants' pleadings liberally, as we must, we hold that the trial court erred by granting the plea to the jurisdiction of Appellee Hammonds in his official capacity as Parker County's Tax Assessor/Collector and the plea to the jurisdiction of Appellees who are the members of Parker County ARB sued in their official capacity on Appellants' declaratory judgment action against them seeking a declaration that they acted outside their legal and statutory authority and that their actions were therefore void. *Accord MHCB (USA) Leasing & Fin. Corp. v. Galveston Cent. Appraisal Dist. Review Bd.*, 249 S.W.3d 68, 86–87 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding trial court erred by

dismissing claims for declaratory and injunctive relief for want of subject matter jurisdiction when plaintiffs sought "only a determination of whether the District and Board acted without authority in their respective actions" and decided before *Heinrich*'s clairification that such suits should be brought against the state actors in their official capacity).

Appellants' claim for a declaration of their rights under the tax code provisions likewise constitutes a proper declaratory judgment. *See Tex. Lottery Comm'n*, 325 S.W.3d at 634–35 (explaining that the DJA "permits statutory challenges"). And all remaining Appellees—Parker County Appraisal District, Parker County ARB, and the Cities—are necessary parties to this claim. *See id.* at 634 (recognizing that "because the DJA permits statutory challenges and governmental entities may be bound by those challenges, the DJA contemplates entities must be joined in those suits"). When a governmental entity is a necessary party to a statutory cause of action, such as an action under the DJA for interpretation of a statute, sovereign immunity is expressly waived. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a); *Tex. Lottery Comm'n*, 325 S.W.3d at 634; *City of La Porte*, 898 S.W.2d at 297.

Appellee City of Aledo concedes that the DJA provides a statutory waiver of governmental immunity in declaratory judgment actions for governmental entities that the Act requires to be joined. But Appellee City of Aledo nonetheless argues that it was not required to be joined to Appellants' declaratory judgment action because Appellants do not seek construction of "any Aledo ordinance or

franchise." The Texas Supreme Court in *Texas Lottery Commission* rejected a similar contention, holding that "because the DJA permits *statutory* challenges and governmental entities may be bound by those challenges, the DJA contemplates entities must be joined in those suits." 325 S.W.3d at 634 (emphasis added). Thus, governmental entities must be joined not only, as City of Aledo contends, when a declaratory judgment action seeks construction of the governmental entities' ordinance or franchise, but also when a declaratory judgment action seeks construction of a statute and a governmental entity may be bound by the statutory challenge. *See id*. Thus, City of Aledo, as well as City of Willow Park, Parker County Appraisal District, and Parker County ARB are properly joined in Appellants' suit seeking a declaration of their rights under the cited tax code provisions.

Finally, both City of Willow Park and City of Aledo claim that the DJA does not waive their immunity from suit becaue they claim Appellants are seeking to "recover damages." Appellants do not seek "damages"; at most they seek a refund of the assessed back city taxes paid by some Appellants as a result of the allegedly void actions of Appellees or attributable to Appellees. Appellants pleaded that any Appellants "who made any full or partial payments of the illegal bills sent out by Larry Hammond did so under duress." Thus, because Appellants pleaded that illegal taxes were paid under duress, governmental immunity does not bar Appellants' claim for declaratory relief that also seeks the refund of illegally collected taxes. *See, e.g.*, *Tara Partners*, *Ltd.*, 282 S.W.3d at

25

576; *see also Highland Church of Christ v. Powell*, 640 S.W.2d 235, 237 (Tex. 1982) (holding that duress may be implied from a statute that imposes a penalty and interest for failure to timely pay a tax); *State v. Akin Prods. Co.*, 155 Tex. 348, 351, 286 S.W.2d 110, 111–12 (1956) (holding that if a reasonably prudent man finds that in order to preserve his property or to protect his business interest it is necessary to make a payment of money that he does not owe, the taxes are paid under duress).

Reviewing de novo the trial court's dismissal of Appellants' declaratory judgment claims against all Appellees for want of jurisdiction, we hold that based on the pleadings and the jurisdictional facts presented, the trial court possesses jurisdiction over Appellants' declaratory judgment actions against all Appellees.

### 2. Injunctive Relief[10]

### a. The Law

Although there is no implied private right of action for damages against governmental entities for violations of the Texas constitution, suits for equitable remedies, like an injunction, for violation of constitutional rights are not prohibited. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 144, 149 (Tex. 1995). Suits for injunctive relief may be maintained against governmental entities to

---

[10]Appellees' pleas to the jurisdiction do not specifically address Appellants' claim for injunctive relief; the pleas generally assert failure to exhaust administrative remedies and governmental immunity as to all Appellants' pleaded claims. Our review is limited to the grounds set forth in the pleas to the jurisdiction filed in the trial court. *See City of Dallas v. First Trade Union Sav. Bank*, 133 S.W.3d 680, 686–88 (Tex. App.—Dallas 2003, pet. denied).

remedy violations of the Texas constitution. *City of Elsa v. M.A.L.*, 226 S.W.3d 390, 391 (Tex. 2007) (concluding court of appeals did not err by refusing to dismiss plaintiffs' claims against governmental entities for injunctive relief based on alleged constitutional violations). Additionally, sovereign or governmental immunity does not apply to suits against government officials in their official capacity that complain of a failure to comply with statutory or constitutional provisions or of acting without legal authority and seek prospective injunctive relief. *See, e.g.*, *Heinrich*, 284 S.W.3d at 372; *City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 628 (Tex. App.—Austin 2007, pet. denied).

### b. Application of the Law to the Present Facts

Appellants pleaded that Appellees had violated their due process and equal protection rights under the Texas constitution by voiding the tax bills issued to many landowners similarily situated to Appellants; Appellants alleged that some similarly situated landowners "were not required to pay taxes for the tax years 2003–2007 even for the years in which they owned the properties." Appellants pleaded in part that

> 61. The Cities and Larry Hammonds are seeking to collect assessments from Counter-Plaintiffs and the class members[11] for prior years, which assessments this lawsuit seeks to have declared void.
>
> 62. The Government Officials have committed various acts

---

[11]Appellants filed a petition asserting a class action; this is their live pleading. However, the trial court granted Appellees' pleas to the jurisdiction prior to any class certification hearing or ruling.

that are *ultra vires* of the scope of their authority under the Tax Code and that violate the due process and equal protection clauses of the Texas Constitution.

63. Specifically, the Tax Code limits the method and process by which the Government Entities and Government Officials may assess and collect taxes—that method and process constitutes due process for the taxpayers. By failing to operate within that method and process, the Government Entities and Government Officials have violated due process.

64. Additionally, the attempted collection of assessments from any Counter-Plaintiffs and class members who obtained their properties in the midst of the 2003–2007 period and the refusal to collect the taxes from the prior owners constitutes an equal protection violation.

65. Counter-Plaintiffs and the class members will suffer immediate and irreparable injury, loss, or damage if the collection of the assessments described above is not permanently enjoined because Counter-Plaintiffs could suffer the loss or diminution of their property via tax liens and significant penalties and interest through the imposition and collection of the assessments on their respective properties. Additionally, the loss of constitutional protection is irreparable harm.

66. Counter-Plaintiffs do not have an adequate remedy at law because money alone will not compensate for the imposition of illegal assessments on Counter-Plaintiffs' properties or the failure of the Government Entities and Government Officials to comply with the law and the Texas Constitution.

Appellants sought an injunction enjoining Appellees from exceeding the scope of their authority and restraining them from collection of the "invalid assessments."

Reviewing the trial court's ruling on Appellees' pleas to the jurisdiction de novo and construing the pleadings liberally in favor of Appellants, we hold that the trial court erred when it determined that it lacked jurisdiction over Appellants' claim for injunctive relief against all Appellees based on either Appellants' failure

28

to exhaust administrative remedies or Appellees' alleged governmental immunity. *See Lowell v. City of Baytown*, 356 S.W.3d 499, 501 (Tex. 2011) (upholding court of appeals' reversal of trial court's grant of plea to the jurisdiction on firefighters' claim for prospective injunctive relief); *Bell v. City of Grand Prairie*, 221 S.W.3d 317, 325 (Tex. App.—Dallas 2007, no pet.) (concluding "appellants' request for an injunction requiring the City to comply with section 143.041 in the future is not barred by governmental immunity").

### 3. Mandamus

### a. The Law

The Texas constitution empowers trial courts to issue writs of mandamus to compel public officials to perform ministerial acts. Tex. Const. art. V, § 8; *In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 775 (Tex. 1999) (orig. proceeding) (noting that "[g]enerally, the district court has exclusive original jurisdiction over mandamus proceedings except when the Constitution or a statute confers original jurisdiction on another tribunal"); *see also Cleveland v. Cnty. of Jack*, 802 S.W.2d 906, 907 (Tex. App.—Fort Worth 1991, no writ) (addressing trial court writ of mandamus directed to Jack County Tax Assessor). An original proceeding for a writ of mandamus initiated in the trial court is a civil action subject to trial and appeal on substantive issues and rules of procedure as any other civil suit. *See Guthery v. Taylor*, 112 S.W.3d 715, 720 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (citing *Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n.1 (Tex. 1991)). But a writ of mandamus will issue only to

correct a clear abuse of discretion or the violation of a duty imposed by law and when there is no other adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (explaining that "[m]andamus issues only to correct a clear abuse of discretion" and "[m]andamus will not issue where there is a clear and adequate remedy at law, such as a normal appeal"); *Appraisal Review Bd. of Harris Cnty. Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 418 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (same).

### b. Application of the Law to the Present Facts

Appellants sought a writ of mandamus compelling the Government Officials (Larry Hammonds in his official capacity as Parker County Tax Assessor/Collector and each member of Parker County ARB acting in their official capacity) to void the assessments on Appellants' properties by the Cities for the tax years 2003–2007 and to refund all ad valorem taxes paid to the Cities on Appellants' properties for the tax years 2003–2007. Appellees argue that the trial court correctly granted their pleas to the jurisdiction on Appellants' claim for a writ of mandamus because Appellants possess an adequate remedy at law.

Appellees' adequate-remedy-at-law argument is not relevant to whether or not the trial court possesses subject matter jurisdiction over Appellants' pleaded claim seeking mandamus relief. The trial court possesses subject matter jurisdiction over Appellants' claim for a writ of mandamus. *See* Tex. Const. art. V, § 8; *In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d at 775. That Appellants may, as Appellees argue, possess an adequate remedy at law and may therefore not

be entitled to mandamus relief does not operate to deprive the trial court of subject matter jurisdiction over Appellants' mandamus action. *See, e.g., Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002) (explaining that "[i]n deciding a plea to the jurisdiction, a court may not weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry"). Any determination that Appellants may possess an adequate remedy by appeal would be a determination of the merits of Appellants' claim for mandamus relief, not related to the trial court's subject matter jurisdiction.

Accordingly, reviewing the trial court's ruling on Appellees' pleas to the jurisdiction de novo, and construing the pleadings liberally in favor of Appellants, we hold that the trial court erred when it determined that it lacked jurisdiction over Appellants' claim for mandamus relief against all Appellees. *See* Tex. Const. art. V, § 8; *In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d at 775; *Cleveland*, 802 S.W.2d at 907.

Having determined that the trial court possesses jurisdiction over all of Appellants' pleaded claims, we sustain subissue C of Appellants' sole issue.

## V. CONCLUSION

Having determined that the trial court erred by granting Appellees' pleas to the jurisdiction, we reverse the trial court's judgment and remand Appellants' claims for declaratory judgment, for injunctive relief, and for a writ of mandamus asserted against all Appellees, to the trial court for further proceedings consistent

with this opinion.

SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DELIVERED:  August 16, 2012