COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| JOHN D. FERRARA, | § | No. 08-22-00076-CV |
| Appellant, | § | Appeal from the |
| v. | § | 250th District Court |
| KIM VICKERS-PUBLIC OFFICIAL OF THE TEXAS COMMISSION ON LAW ENFORCEMENT, | § | of Travis County, Texas |
| | § | (TC# D-1-GN-22-00205) |
| Appellee. | § | |

## O P I N I O N

Appellant, John D. Ferrara, in a *pro se* capacity, appeals from dismissal of his suit against Kim Vickers, the Executive Director ("the Executive Director") of the Texas Commission on Law Enforcement ("TCOLE") after the trial court granted TCOLE's plea to the jurisdiction.[1] We affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

---

[1] This case was transferred from the Austin Court of Appeals pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX.GOV'T CODE ANN. § 73.001. We follow the precedent of the Austin Court of Appeals to the extent it might conflict with our own. *See* TEX.R.APP.P. 41.3.

Ferrara, an independent blogger, sought mandamus relief in the trial court against the Executive Director of TCOLE.[2] Ferrara sought to have the trial court order the Executive Director to take certain actions with respect to the license status of certain peace officers under the Texas Occupations Code.

Ferrara has made numerous complaints to TCOLE regarding certain Texas peace officers.[3] He argues multiple officers have been licensed by TCOLE without attending an approved school as part of their training and without taking the proper exams.

Ferrara also alleges the Police Chief of the City of Kyle was issued a new license without meeting the licensing standards for that new license. After Ferrara sought information several times from the City of Kyle regarding the license of its Chief of Police, he was arrested for stalking. Ferrara claims if the Executive Director had "performed his lawfully required duty then the individual causing false arrest, which is directly correlated to improper issuance of a TCOLE license, could no longer use his improperly issued legal authority to continue tormented actions towards" him.

Ferrara contends he presented complaints of these alleged licensing deficiencies to the Executive Director, along with evidence that conclusively establishes the alleged deficiencies, yet the Executive Director refuses to take action against them. Ferrara contends the use of "shall" in

---

[2] "The Texas constitution empowers trial courts to issue writs of mandamus to compel public officials to perform ministerial acts." *Brennan v. City of Willow Park*, 376 S.W.3d 910, 926-27 (Tex.App.—Fort Worth 2012, pet. denied) (citing TEX.CONST. art. V, § 8).

[3] Ferrara states on appeal he "filed a few complaints with TCOLE on his findings in his blogs," after which TCOLE employees "ruined his credibility by stating his blogs were inaccurate and were considered unfounded." "Thus," he states, "the appellant submitted numerous complaints related to improprieties of licensure and this widespread problem has cause[d] a concrete injury to the appellants [sic] reputation and rights to free speech and redress of improper government actions."

section 1701.501 of the Texas Occupations Code requires the Executive Director to take action, and he sought mandamus to have the trial court order the Executive Director to do so.[4]

The Executive Director filed a plea to the jurisdiction, alleging the trial court lacked subject matter jurisdiction because sovereign immunity bars the action, or, alternatively, Ferrara does not have standing to seek the relief requested. The trial court granted the Executive Director's plea to the jurisdiction and dismissed Ferrara's petition with prejudice to refiling. This appeal followed.

## II.    STANDARD OF REVIEW

We review de novo the question of whether a trial court has subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the pleadings are challenged by a plea to the jurisdiction, we must determine whether the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction. *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018). We construe the pleadings liberally in the plaintiff's favor, considering the plaintiff's intent. *Id.* If the plaintiff has not pleaded sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but the pleadings also do not affirmatively establish incurable jurisdictional defects, the plaintiff should be allowed to amend his pleadings. *Id.* Conversely, if the pleadings affirmatively negate jurisdiction, such that amendment to invoke jurisdiction is impossible, the plea to the jurisdiction may be granted without allowing an opportunity to amend, and the case may be dismissed. *Id.*

## III.    DISCUSSION

---

[4] Section 1701.501(a) of the Texas Occupations Code reads, in part: "[TCOLE] shall revoke or suspend a license, place on probation a person whose license has been suspended, or reprimand a license holder for a violation of: (1) this chapter; (2) the reporting requirements provided by Articles 2.132 and 2.134, Code of Criminal Procedure; or (3) a commission rule." TEX. OCC. CODE ANN. § 1701.501(a).

Ferrara brings four issues on appeal. He argues the trial court erred in determining sovereign immunity bars his suit; the trial court erred in determining he has no standing to bring suit; the Executive Director cannot generally deny the claims he raised; and the "free speech exception grants a broader scope of application."[5] Appellee responds sovereign immunity bars Ferrara's suit; alternatively, Ferrara does not have standing to bring his suit; and there is no free speech exception that confers standing to Ferrara.

## A. Standing

"Standing is a constitutional prerequisite to maintaining suit[]" and an essential component of subject matter jurisdiction. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004). A citizen generally does not have standing to challenge the legality of governmental acts in the courts. *Bacon v. Tex. Hist. Comm'n*, 411 S.W.3d 161, 174 (Tex.App.—Austin 2013, no pet.)(quoting *Andrade v. Venable*, 372 S.W.3d 134, 136-37 (Tex. 2012)). If every citizen who determines a public official has abused his discretion were granted the right to bring that official's public actions under judicial review, governments would not be able to operate. *Id.* at 175.

The general test for constitutional standing in Texas is whether there is a justiciable controversy between the parties that will actually be resolved by the relief sought in court. *Bacon*, 411 S.W.3d at 174 (citing *Tex. Ass'n of Bus v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). Constitutional standing concerns not only whether there is a justiciable controversy, but also whether the plaintiff has a "sufficient personal stake in the controversy to assure the presence of an actual controversy that the judicial declaration sought would resolve." *Id.* (citing *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442 (Tex. 1998)). The standing requirement thus

---

[5] Although Ferrara does not explicitly state as much, he appears to argue there is a "free speech exception" that compels a broader application of the requirements that confer standing to sue.

safeguards the separation of powers by ensuring the judicial branch does not encroach upon the executive branch by rendering advisory opinions, decisions interpreting the law but not binding the parties. *Id.* (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 444).

Due to the similarity between the federal test for Article III standing and the Texas test, the Texas Supreme Court has looked to the U.S. Supreme Court for guidance on these elements of standing as provided in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992):

> First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical."' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'

*Heckman v. Williamson County*, 369 S.W.3d 137, 154-55 (Tex. 2012)(quoting *Lujan*, 504 U.S. at 560-61)[Citations omitted in original].

"The standing inquiry 'requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted.'" *Id.* at 156 (quoting *Allen v. Wright*, 468 U.S. 737, 752 (1984)).

### i. Injury in Fact

To show injury in fact, Ferrara had to demonstrate he was personally injured. *See id.* at 155. The injury itself "'must be concrete and particularized, actual or imminent, not hypothetical.'" *Id.* (quoting *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304-05 (Tex. 2008)).

Ferrara alleges he was arrested and charged with stalking because he made a complaint against one of the persons whom he claims wrongly holds a license as a peace officer. He claims

his reputation and credibility as an independent blogger/journalist who reports on these alleged governmental deficiencies has been harmed.

Even assuming, without deciding, Ferrara established he was personally injured, we must still determine whether he met the second and third elements of the standing test.

### ii. Traceability/Redressability

Requiring a plaintiff to plead facts showing that his alleged injury is fairly traceable to the defendant's conduct is a causal link, and it helps to ensure that a "'court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court.'" *See id.* at 154 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)). In addition to showing a causal link, Ferrara must also have pleaded facts that demonstrate his injury would be "likely to be redressed by the requested relief," *see id.* at 155 (quoting *Allen*, 468 U.S. at 751), establishing a "'substantial likelihood that the requested relief will remedy the alleged injury in fact.'" *Id.* at 155-56 (quoting *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000)). This requirement is satisfied when a plaintiff shows a favorable decision will relieve a discrete injury to himself. *Larson v. Valente*, 456 U.S. 228, 243 n.15 (1982); *see Abbott v. G.G.E.*, 463 S.W.3d 633, 649 (Tex.App.—Austin 2015, pet. denied).

Ferrara claims the Executive Director failed to act on improper TCOLE licensures, and in particular as related to his arrest, the licensure of the City of Kyle Chief of Police. Ferrara states he complained of the license status of the Chief of Police, and this complaint was determined to be unfounded. The Chief of Police then arrested Ferrara for stalking. Ferrara concludes that forcing the Executive Director to act on the improperly issued license to the City of Kyle Chief of Police "could have prevented the false arrest," "will allow for corrective action of harm" he has already

6

experienced, and "will prevent further harm when [he] may present other complaints to the [Executive Director]". We disagree.

Ferrara has not shown a causal link between his alleged injury from his arrest and the Executive Director's failure to act on his complaints. Whether any mandate to the Executive Director would cause any action at all by the City of Kyle is speculative at best. Assuming Ferrara's licensure complaint is valid, section 1701.501 gives the Executive Director discretion to take one of several courses of corrective action: revoke or suspend the license, place the person in question on probation, or issue reprimand. *See* TEX.OCC.CODE ANN. § 1701.501(a). It is pure speculation that any action by the Executive Director would have caused the City of Kyle to act in such a way that would have prevented Ferrara's alleged injury. This is the type of attenuation the traceability requirement is designed to prevent.

Moreover, the relief Ferrara seeks would not redress the injury from the arrest. Ferrara requested the trial court to order the Executive Director to act. However, injunctive relief, if granted, would not redress the harm of an improper arrest that has already taken place. *See MET-Rx USA, Inc. v. Shipman*, 62 S.W.3d 807, 811 (Tex.App.—Waco 2001, pet. denied).

Ferrara's claim of injury from improper arrest does not meet the traceability and redressability requirements necessary to confer standing. We conclude Ferrara does not have standing to pursue his claims against the Executive Director. We overrule Ferrara's second issue.

**B.      Remaining Issues**

Because Ferrara lacks standing to pursue his claims, we need not reach the issues of sovereign immunity and whether a general denial filed by the Executive Director entitled Ferrara to a default judgment.[6]

---

[6] We note Ferrara did not seek this relief in the trial court.

Ferrara urges in his final issue his constitutional right to free speech requires a "broader scope of application" of the rules governing his standing to bring suit. He offers no authority for that proposition and the arguments and authority he raises are continuations of the issue regarding standing. Having already addressed the standing arguments, we overrule Ferrara's final issue.

## IV.    CONCLUSION

Because Ferrara lacks standing, we affirm the trial court's judgment of dismissal with prejudice.

SANDEE B. MARION, Chief Justice (Ret.)

December 22, 2022

Before Rodriguez, C.J., Alley, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.)(Sitting by Assignment)