Jones, E. H., J.
This action was brought in the court of common pleas by defendant in error, Daniel W. Murphy, as administrator of the estate of Otto Smith, deceased, for damages on account of the death of the intestate, caused, as alleged in the petition, by the negligence of the plaintiff in error, The Cincinnati & Columbus Traction Company, of which company the decedent was at the time of his death an employe. He had been called from his usual work as a bridge carpenter in the employ of said company to assist in the repair of the generator of said company at its substation at Madeira — a station on the line of said company’s road. The machinery of this substation had been burned out during a storm, by reason of which an emergency had arisen requiring an extra number of men to string wires and do other work necessary to restore normal conditions so that the cars could be operated over the road.
The petition alleges that while so employed at said time and place the plaintiff’s said intestate was electrocuted, and that his death was caused by physical contact of both his hands with two wires which the defendant then had at its said station and which were used to charge its generator.
The facts as shown by the evidence are, that the storm which resulted in the damage took place on *3 a certain Saturday evening, and that during the whole of the following day, Sunday, the decedent, together with the other employes called upon, was engaged in stringing wires at the said place; that he worked until the evening of said day; and that he then went to his home and returned on the following morning at about the usual hour of beginning work to resume his labors at said substation. His foreman, at the time of or shortly after decedent’s arrival, went to the second floor of the building in which the power machinery was located to eat his breakfast with the family of the station agent who occupied said floor as his home. The work on the previous day consisted in part "in stringing wires from a box car some little distance away from the substation, in which a generator had been temporarily placed, to the machinery in the first floor of this substation. These wires were taken into the building at or near one of the windows in the second story and were carried down to the first floor along the wall upon one side of the stairway leading to the rooms above. It was while waiting for the foreman to finish his breakfast that the decedent in some manner came in contact with these wires, and by, reason thereof came to his death.
The negligence complained of in the petition is that the defendant company left said wires without any insulation, and unguarded, that the intestate had no knowledge that they were charged with an electric current and no warning was given him of the danger, and that he was not aware nor had he any means of knowing of such danger.
The trial below resulted in a verdict for the *4 plaintiff, defendant in error here, upon which judgment was afterwards rendered, and it is to reverse that judgment that this proceeding in error is pros•ecuted.
It is contended in the brief for plaintiff in error, first, that the decedent’s death was the result of his own wilful and deliberate act; in other words, due solely to his own negligence.
The evidence in the case' fully establishes the negligence of the traction company. The evidence shows that when the intestate quit his work on Sunday evening and left for his home the current was not turned on and these wires were not charged. There is some little conflict upon this point, but the evidence in favor of this view greatly preponderates. In fact, about the only evidence to the contrary is that of Mr. Charles E. Smith, the foreman above referred to, whose testimony is on page 5 7 of the bill of exceptions:
“Question: Can you say whether Otto Smith knew that those wires were charged on Monday morning or not ?
“Answer: He should have known it; he knew that they would have to be charged to run the road or to run the rotary, and he knew that they were charged on Sunday evening before he left there, because we started up the machinery before he left.”
But the same witness (bill of exceptions, page 48) had previously stated:
“Answer: No sir, there was no current in those wires on Sunday.”
The negligence of the defendant company having been proven, and granting that the circumstances *5 of the death showed negligence on the part of decedent, the question of the degree of negligence of each became one for the jury, by the provisions of Section 6245-1,- General Code, under proper instructions from the court.
The charge of the court seems to us to contain a full and clear explanation to the jury of the rule with reference to the doctrine of comparative negligence. Such being the case,, we have no authority to disturb the verdict of the jury even though the evidence might tend to show negligence on the part of the plaintiff’s intestate.
Another point urged by counsel for plaintiff in error in argument is that at the time of the accident the decedent was not acting for the defendant traction company within the course of his employment or the scope of his duties. The evidence bearing upon this point has been summed up in what was said above with reference to the time of the accident and the place where it occurred. The decedent came in contact with the wires which caused his death within less than ten feet of the machine upon which he was to work as soon as the foreman finished his breakfast. The lips of the decedent having been instantly sealed by death, no one knows or ever will know just why he was upon the stairway at the time, and no satisfactory inference can be drawn. He may have been on his way to ask his foreman some question with reference to his work, or it is possible that he expected to rest upon the steps while waiting. In either event we think the jury would be justified in finding that he was acting within the scope of his employment; and plaintiff having shown that decedent had re *6 ported for duty at the usual time, and that he was at the place where during working hours his work for the day was to be performed, we think it cannot be said as a matter of law that he- was not acting, at the time, within the scope of his employment, and was not about his master’s business. The supreme court of Ohio, in the case of Lima Ry. Co. v. Little, 67 Ohio St., 91, has held that this question is one of fact to be submitted to the jury under proper instructions from the court.
The third point urged in the brief, namely, that the jury and court cannot guess as to the liability of the defendant, is disposed of by what has been said above. There was ample evidence tending to show negligence on the part of defendant. The law presumes at the outset of the case that both parties are free from negligence, and the plaintiff below as well as the defendant had the benefit of this presumption. There having been evidence of negligence on the part of defendant, and assuming that the jury would be warranted in finding that the plaintiff’s intestate was also negligent, and the relation of master and servant or employer and employe having been shown, the case was one for submission to the jury under the authority of the section of the General Code above referred to.
We find no error in the proceedings in the court below, and believe that substantial justice has been done.

Judgment affirmed.

Jones, Oliver B., J., concurs.
Swing, J., not participating.