ACCEPTED
01-15-00422-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/27/2015 7:56:00 AM
CHRISTOPHER PRINE
CLERK

No. 01-15-00422-CV

_____

IN THE FIRST COURT OF APPEALS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/27/2015 7:56:00 AM
CHRISTOPHER A. PRINE
Clerk

_____

## Anheuser-Busch, L.L.C.
Appellant

v.

## Harris County Tax Assessor-Collector
Appellee

_____

# BRIEF OF APPELLANT

_____

Ray Langenberg
State Bar No. 11911200
rlangenberg@scottdoug.com
Curtis Osterloh
State Bar No. 24002714
costerloh@scottdoug.com
Scott Douglass & McConnico LLP
303 Colorado, Suite 2400
Austin, Texas  78701
(512) 495-6300
(512) 495-6399 Fax

ORAL ARGUMENT REQUESTED

1217914

# IDENTITY OF PARTIES AND COUNSEL

<u>Plaintiff-Appellant</u>
Anheuser-Busch, L.L.C.

<u>Counsel for Appellants</u>
Ray Langenberg
State Bar No. 11911200
rlangenberg@scottdoug.com
Curtis Osterloh
State Bar No. 24002714
costerloh@scottdoug.com
Scott Douglass & McConnico LLP
303 Colorado, Suite 2400
Austin, Texas  78701
(512) 495-6300
(512) 495-6399 Fax

<u>Defendant-Appellee</u>
Harris County Tax Assessor-Collector

<u>Counsel for Defendant-Appellee</u>
Keith Toler
Harris County Attorney's Office
1019 Congress, 15th Floor
Houston, TX 77002
Telephone: (713) 755-5101 ext.
Fax: (713) 755-8924
keith.toler@cao.hctx.net

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL...................................................................2

TABLE OF CONTENTS .........................................................................................3

INDEX OF AUTHORITIES .....................................................................................5

STATEMENT OF THE CASE ...................................................................................7

STATEMENT OF JURISDICTION .............................................................................7

RECORD AND APPENDIX .....................................................................................7

ISSUE ON APPEAL..............................................................................................8

STATEMENT OF FACTS .......................................................................................8

SUMMARY OF ARGUMENT .................................................................................10

ARGUMENT .....................................................................................................12

    A.     No penalty and interest was due because Anheuser-Busch's tax due date was extended by the Tax Assessor's failure to mail tax notices to both Anheuser-Busch and its agent, as required by statute. ............................................................................12

        1.     The trial court's order .................................................12

        2.     The legislative history proves that "and" means "and." ..............12

        3.     The dual notice requirement was within the legislative prerogative. ..........................................................14

        4.     The trial court's actual notice requirement produces unreasonable results that are inconsistent with the statute. .........14

        5.     The courts should defer to the wisdom of the Legislature. .........15

    B.     Response to Defendant's Other Contentions .........................................18

        1.     Tax Code § 31.04 is related to Tax Code § 31.01. ......................18

        2.     Tax Code § 31.04 can be harmonized with Tax Code § 31.01(g). ..............................................................18

        3.     Plaintiff did not waive its right to a refund. ................................19

4.     The voluntary payment rule does not apply. ................................ 20

5.     The Tax Assessor was required to send duplicate notices............ 21

6.     Anheuser-Busch's claim is not barred by sovereign immunity. ................................................................................... 23

7.     Anheuser-Busch is not seeking a waiver of penalties and interest........................................................................................... 24

CONCLUSION AND PRAYER ................................................................... 25

CERTIFICATE OF COMPLIANCE ............................................................ 27

APPENDIX .................................................................................................. 27

# INDEX OF AUTHORITIES

**Cases**

*Aldine ISD v. Ogg*, 122 S.W.3d 257 (Tex. App. - Houston [1st Dist.] 2003, no pet.) ................................................................................ 18, 19

*Alex Sheshunoff Mgmt. Serv., L.P. v. Johnson*, 209 S.W.3d 644 (Tex. 2006) ................................................................................................13

*Bd. of Ins. Comm'rs of Tex. v. Guardian Life Ins. Co. of Tex.*, 180 S.W.2d 906 (Tex. 1944) ...........................................................................14

*Brennan v. City of Willow Park*, 376 S.W.3d 910 (Tex. App. - Fort Worth 2012, pet. denied) ...................................................................... 23, 24

*City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009) .................................23

*Fitzgerald v. Advanced Spine Fixation Systems, Inc.*, 996 S.W.2d 864 (Tex. 1999) ................................................................................15

*Highland Church of Christ v. Powell*, 640 S.W.2d 235 (Tex. 1982) .................21

*Hilco Elec. Co-op., Inc. v. Midlothian Butane Gas Co., Inc.*, 111 S.W.3d 75 (Tex. 2003) ................................................................................17

*Mahoney v. Slaughter*, No. 01-14-00471-CV (Tex. App. – Houston [1st Dist., 2015, no pet.) (mem. op.)................................................................25

*Syntax, Inc. v. Hall*, 899 S.W.2d 189 (Tex. 1995)................................................15

*Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432 (Tex. 1994).............................23

*Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849 (Tex. 2002)................................................................................23

*University of Texas Health Science Center at Houston v. Gutierrez*, 237 S.W.3d 869 (Tex. App. - Houston [1st Dist.] 2007, pet. denied)..............16

**Statutes**

Tex. Civ. Prac. & Rem. Code § 101.101 .......................................................17

Tex. Gov't Code § 22.220 ...............................................................................7

Tex. Tax Code § 31.01...................................................................................18

Tex. Tax Code § 31.01(a) .............................................................................11

Tex. Tax Code § 31.01(g).............................................................................18

Tex. Tax Code § 31.02..................................................................................18

Tex. Tax Code § 31.04.................................................................................18

Tex. Tax Code § 31.04(a) ................................................... 11, 19, 25

Tex. Tax Code § 31.04(e) ................................................... 11, 19

Tex. Tax Code § 33.011.................................................................24

**Other Authorities**

Act of May 20, 2005, 79th R.S., ch. 846, 2005 Tex. Gen. Laws 2888 ...............13

## STATEMENT OF THE CASE

*Nature of the Case:*   Appellant/Plaintiff is seeking a refund of a protest payment of penalty and interest on a property tax assessment by Appellee/Defendant.

*Trial Court:*   55th Judicial District Court of Harris County, Texas; Judge Jeff Shadwick presiding.

*Course of Proceedings:*   Anheuser-Busch filed a motion for summary judgment that the trial court denied. CR 15, 52. The Tax Assessor then filed a motion for summary judgment that the trial court granted. CR 60, 175. The trial court's summary judgment order dismissed Anheuser's claims with prejudice and constituted a final appealable judgment.

## STATEMENT OF JURISDICTION

This Court has jurisdiction of this appeal from a final judgment of a district court pursuant to Texas Government Code § 22.220.

## RECORD AND APPENDIX

There is no Reporter's Record – this is a summary judgment case. The Original Clerk's Record ("**CR**") includes the documents requested in Appellant's First Supplemental Request for Clerk's Record.

The Second Supplemental Clerk's Record ("**2CR**") contains an imaging error. The first page of Plaintiff's Motion for Summary Judgment Exhibit 2 - Defendant's Responses to Plaintiff's Request for Admissions, Interrogatories and Production – appears at 2CR 8 and the first page is repeated on the following five pages. But the subsequent pages are omitted. To minimize any further delay, the document is attached as Appendix 3 in lieu resubmitting the document to the District Clerk under Rule of Appellate Procedure 34.5(e). Appellee's counsel has no objection to this alternative procedure. Appellant will use the Rule 34.5(e) procedures if requested by the Court.

The Appendix to this brief includes the following items:

App. 1    April 15, 2015 Order granting Defendant's Motion for Summary Judgment and rendering take-nothing judgment for Defendant. CR 175.

App. 2    Comptroller's Property Tax Form 50-162 • 08-09/6

App. 3    Plaintiff's Motion for Summary Judgment Exhibit 2 – Defendant's Responses to Plaintiff's Request for Admissions, Interrogatories and Production

## ISSUE ON APPEAL

The trial court erred in granting the Tax Assessor's motion for summary judgment and denying Anheuser-Busch's motion for summary judgment because:

1.    The tax statute required the Tax Assessor to send tax notices to both Anheuser-Busch and its agent, and the undisputed failure of the Tax Assessor to send both tax notices extended Anheuser-Busch's payment deadline so that Anheuser-Busch's tax payment was timely and Anheuser-Busch was entitled to a refund of penalty and interest paid under protest;

2.    Actual notice of the amount of tax is insufficient; and

3.    The Tax Assessor's other contention are insufficient to support its motion or defeat Anheuser-Busch's motion.

## STATEMENT OF FACTS

Anheuser-Busch owned seven properties in Harris County.  2CR 6 (Summary Judgment Affidavit of Jeffrey J. Comotto).  According to the Tax Assessor's discovery answers, the Tax Assessor mailed two tax statements to Anheuser-Busch in November 2012 and the remaining five tax statements to Anheuser-Busch's agent, Duff & Phelps, also in November 2012. 2CR 8 and

Appendix 3 (Defendant's Responses to Interrogatory 3 and Request for Admission 3).

There is a factual dispute as to whether the Tax Assessor mailed the tax statements to Duff & Phelps because Duff & Phelps claims that it never received the tax statements. 2CR 43 (Affidavit of Gregory Maxim). But if Anheuser-Busch is correct that the Tax Assessor was required to mail the tax statements both to Anheuser-Busch and its agent, Duff & Phelps, then the factual dispute is immaterial. It is undisputed that the Tax Assessor did not mail the tax statements to <u>both</u> Anheuser-Busch and its authorized agent before January 10, 2013. The January 10 date for notice is significant because the regular February 1 date for payment is postponed if the tax bills are mailed after January 10.

In the absence of a complete set of tax bills, Anheuser-Busch checked the Harris County Appraisal District Internet site as the best information available to make payment. CR 105 (Answer to Interrogatory 2). Using this information, Anheuser-Busch tendered a check for the $9,015,911.93 tax payment in January 2013, but the bank dishonored the check due to security protocols. 2CR 8 and Appendix 3 (Answer to Request for Admission 1); CR 106 (Answer to Interrogatory 3).

After receiving a delinquent tax bill from the Harris County Tax Assessor-Collector for its properties in Harris County, Anheuser-Busch tendered $9,015,911.93 on February 27, 2013, which was the tax amount excluding the assessed penalty and interest.  2CR 7 (Affidavit of Jeffrey J. Comotto). Anheuser-Busch also included a $30.00 fee assessed because of the failure of its first check to clear the company's bank.  *Id*.  The Tax Assessor continued to accrue interest on the alleged remaining deficiency, so Anheuser-Busch paid $631,114.08 on December 2, 2013 under protest and under duress in order to stop additional interest from accruing.  *Id*.  Anheuser-Busch then filed this lawsuit to recover the amount paid under protest.  CR 4.

## SUMMARY OF ARGUMENT

Anheuser-Busch is seeking a refund of penalty and interest on the alleged late property tax payment. Anheuser-Busch contends that its February 27, 2013 tax payment was in fact timely because the deadline for payment was postponed by statute.

The Texas Tax Code postpones the delinquency date for tax bills mailed after January 10:

Section 31.04.  POSTPONEMENT OF DELINQUENCY DATE.

(a)  If a tax bill is mailed after January 10, the delinquency date provided by Section 31.02 of this code [February 1] is postponed to the first day of the next month that will provide a period of at least 21 days after the date of mailing for payment of taxes before

delinquent unless the taxing unit has adopted the discounts provided by Section 31.05(c) of this code, in which case the delinquency date is determined by Subsection (d) of this section.

Tex. Tax Code § 31.04(a) (West 2015).  Subsection (e) further provides:

(e)  If the delinquency date for a tax is postponed under Subsection (a) or (a-1), that postponed delinquency date is the date on which penalties and interest begin to be incurred on the tax as provided by Section 33.01.

*Id.* § 31.04(e).

With regard to timely mailing, the key statute to be interpreted in this case is Texas Tax Code § 31.01(a).  That statute requires the tax assessor to mail the tax bill to the owner <u>and</u> to the owner's agent:

(a)  Except as provided by Subsections (f), (i-1), and (k), the assessor for each taxing unit shall prepare and mail a tax bill to each person in whose name the property is listed on the tax roll <u>and</u> to the person's authorized agent.

*Id.* § 31.01(a) (emphasis added).

The Tax Assessor says that it mailed tax bills for some properties to Anheuser-Busch and tax bills for other properties to Anheuser-Busch's authorized agent, but the Tax Assessor concedes that it did not mail the tax bills to both Anheuser-Busch <u>and</u> its authorized agent for each property prior to January 10, 2013.  2CR 8 and Appendix 3 (Response to Request for Admission 3).  Accordingly, Anheuser-Busch contends that the delinquency dates were postponed and Anheuser-Busch did not owe penalty and interest.

## ARGUMENT

**A.  No penalty and interest was due because Anheuser-Busch's tax due date was extended by the Tax Assessor's failure to mail tax notices to both Anheuser-Busch and its agent, as required by statute.**

### 1.  The trial court's order

The trial court's Order granting the Tax Assessor's motion for summary judgment did not state a reason.  CR 175.  However, the trial court's order denying Anheuser-Busch's earlier motion for summary judgment stated:

> The facts appear to be undisputed.  The Defendant did not strictly comply with Section 31.01(a) of the Tax Code, but Plaintiff had actual notice of the tax, and attempted to pay it prior to the due date.  Sections 312.005 and 312.006 of the Government Code direct this Court to diligently attempt to ascertain legislative intent, and to construe statutes to achieve that purpose.  The Court ascertains that the purpose of the Tax Code provisions at issue is to make sure the taxpayer has notice, not to provide a loophole which allows the taxpayer to avoid timely payment.

CR 52.  The trial court's decision is wrong for the following reasons:

- The legislative history proves that "and" means "and."
- The dual notice requirement was within the legislative prerogative.
- The trial court's actual notice requirement produces unreasonable results that are inconsistent with the statute.
- The courts should defer to the wisdom of the Legislature.

### 2.  The legislative history proves that "and" means "and."

"Ordinarily, the truest manifestation of what legislators intended is what lawmakers enacted, the literal text they voted on."  *Alex Sheshunoff Mgmt. Serv.,*

*L.P. v. Johnson*, 209 S.W.3d 644, 651 (Tex. 2006). In 2005, the Texas Legislature amended Tax Code § 31.01(a) to replace "or" with "and":

**CHAPTER 846**

**S.B. No. 898**

**AN ACT**

relating to tax liability for property omitted from an appraisal roll.

*Be it enacted by the Legislature of the State of Texas:*

SECTION 1. Subsection (a), Section 31.01, Tax Code, is amended to read as follows:

(a) Except as provided by Subsection (f), the assessor for each taxing unit shall prepare and mail a tax bill to each person in whose name the property is listed on the tax roll *and* [~~or~~] to the person's authorized agent. The assessor shall mail tax bills by October 1 or as soon ....

http://www.lrl.state.tx.us/scanned/sessionLaws/79-0/SB_898_CH_846.pdf, Act of May 20, 2005, 79th R.S., ch. 846, 2005 Tex. Gen. Laws 2888. 2CR 45. Anheuser-Busch requests the Court to take judicial notice of this act.

The word "or" can be exchanged for the word "and" only in extreme circumstances:

> Ordinarily the words "and" and "or," are in no sense interchangeable terms, but, on the contrary, are used in the structure of language for purposes entirely variant, the former being strictly of a conjunctive, the latter, of a disjunctive, nature. Nevertheless, in order to effectuate the intention of the parties to an instrument, a testator, or a legislature, as the case may be, the word "and" is sometimes construed to mean "or." This construction, however, is never resorted to except for strong reasons and the words should never be so construed unless the context favors the conversion; as where it must be done in order to effectuate the manifest intention of the user; and where not to do so would render the meaning ambiguous, or result in an absurdity; or would be tantamount to a refusal to correct a mistake.

*Bd. of Ins. Comm'rs of Tex. v. Guardian Life Ins. Co. of Tex.*, 180 S.W.2d 906, 908 (Tex. 1944). Here, there can be no doubt that the Legislature meant "and" because it amended the statute to use that word. Thus, there is a dual notice requirement – to the taxpayer and to the taxpayer's authorized agent.

**3.    The dual notice requirement was within the legislative prerogative.**

The dual notice requirement does not result in an absurdity. The consequences of a delinquent payment are severe. In this instance, Anheuser-Busch suffered an additional liability of $631,114.08 for being a few days late. Given the severe consequences, it was certainly within the legislative prerogative to postpone the delinquency date if the taxing authority did not fulfill its mandatory duty to provide dual notice by mail to both the taxpayer and its agent.

**4.    The trial court's actual notice requirement produces unreasonable results that are inconsistent with the statute.**

By contrast, the trial court's actual notice requirement in lieu of mailed notice could produce unreasonable results that are inconsistent with the statute. Suppose an owner delegates the payment responsibility to its agent. An owner reading the plain words of the statute would have the right to assume that the Tax Assessor is obligated mail tax bills to both the owner and the agent. *See Fitzgerald v. Advanced Spine Fixation Systems, Inc.*, 996 S.W.2d 864, 866 (Tex.

1999) ("[O]rdinary citizens should be able to rely on the plain language of a statute to mean what it says.").

So, relying upon the plain meaning of the statute, the owner should have the right to assume that the agent will receive the tax bill and have sufficient information to pay the bill without further action by the owner. However, under the trial court's interpretation, if the taxing authority fails to mail the bill to the agent but the owner has actual notice, the statutory requirement has been met and the tax is due without notice to the agent. To avoid potential delinquency, the owner would be compelled to forward all tax notices to its agent for payment. This obligation is inconsistent with the Legislature's intent to allow an agent to transact business on behalf of an owner.

### 5.    The courts should defer to the wisdom of the Legislature.

The trial court's order suggests that any requirement greater than actual notice would provide a "loophole which allows the taxpayer to avoid timely payment." However, the Court is not free to substitute its wisdom for that of the Legislature. *See Syntax, Inc. v. Hall*, 899 S.W.2d 189, 192 (Tex. 1995) ("If the language as construed is merely unwise, the wisdom or expediency of law is the sole prerogative of the legislature."). The Legislature chose to delay the delinquency date if the taxing authority did not mail the notices as required by the statute, and the Court is obligated to follow that choice.

A parallel example of deference to legislative wisdom is this Court's decision in *University of Texas Health Science Center at Houston v. Gutierrez*, 237 S.W.3d 869 (Tex. App. - Houston [1st Dist.] 2007, pet. denied). In that case, a statute required that expert reports be "served" on each defendant. *Id.* at 871. The appellees urged that proof of compliance was "unnecessary" because the appellant "admitted receiving the expert report." *Id.* at 872. The opinion held:

> Here, appellees did not send the report at all. If we accept appellees' argument that actual receipt (from any source) of expert reports prior to suit's being filed, regardless of the manner in which those reports were furnished, meets the requirements of section 74.351, then we must completely disregard legislative intent as evidenced by the replacement of the word "furnish" with the word "serve."

*Id.* at 873. In the *UT Health Science Center* case, as in this case, the Legislature amended the statute to impose stricter conditions that some might consider unwise. But this Court followed the statute and dismissed the lawsuit even though the hospital had received a copy of the expert report that had not been "served" upon it. Here, some may consider it unwise to permit a taxpayer to delay payment of a known tax amount because the taxing authority did not mail the bill as required by the statute. But, like the decision in the *UT Health Science Center* case, this Court should follow the unambiguous requirements of the statute.

Finally, if the Legislature had intended actual notice to be sufficient, it could have easily said so. See *Hilco Elec. Co-op., Inc. v. Midlothian Butane Gas Co., Inc.*, 111 S.W.3d 75, 81 (Tex. 2003) ("If, as the HILCO companies contend, the Legislature's objective was to allow electric cooperatives to engage in "any lawful purpose," the Legislature could have easily said so…"). An example of an actual notice requirement is in the Texas Tort Claims Act:

> Sec. 101.101. NOTICE.
>
> (a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
>
>> (1) the damage or injury claimed;
>> (2) the time and place of the incident; and
>> (3) the incident.
>
> (b) A city's charter and ordinance provisions requiring notice within a charter period permitted by law are ratified and approved.
>
> (c) The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has <u>actual notice</u> that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

Tex. Civ. Prac. & Rem. Code § 101.101 (West 2011) (emphasis added).

For these reasons, the Court should rule that Anheuser Busch's payment was timely because the delinquency date was postponed by the Tax Assessor's failure to comply with the unambiguous dual notice requirement of the Tax Code.

**B.    Response to Defendant's Other Contentions**

**1.    Tax Code § 31.04 is related to Tax Code § 31.01.**

Defendant's Motion at 9 (CR 68) claimed that "Tex. Tax Code Section 31.04(a) has nothing to do with Tex. Tax Code Section 31.01(a)."  However, since both sections deal with tax bills, they are related, and they must be construed together.  See *Aldine ISD v. Ogg*, 122 S.W.3d 257, 270 (Tex. App. - Houston [1st Dist.] 2003, no pet.) ("statutes bearing on the same subject matter should be construed together").  Section 31.01 requires dual tax bills be mailed by October 1.  Section 31.02 then sets a February 1 delinquency date.  Section 31.04 then postpones the delinquency date if the tax bills are not mailed by January 10, as required by section 31.01.

**2.    Tax Code § 31.04 can be harmonized with Tax Code § 31.01(g).**

Defendant's Motion at 10 (CR 69) further contended that Anheuser-Busch's cause of action was defeated by Tax Code § 31.01(g), which provides:

> (g)  Except as provided by Subsection (f), <u>failure to send</u> or receive the tax bill required by this section, including a tax bill that has been requested to be sent by electronic means under Subsection (k), <u>does not affect</u> the validity of the tax, <u>penalty, or interest, the due date</u>, the existence of a tax lien, or any procedure instituted to collect a tax.

Tex. Tax Code § 31.01(g) (West 2008) (emphasis added).  "[A]t first glance, subsection 31.01(g) appears to conflict with subsection 31.04(e)." *AISD v. Ogg*, 122 S.W.3d at 270.  Subsection 31.04(e) provides:

(e) If the delinquency date for a tax is postponed under Subsection (a) or (a-1), that postponed delinquency date is the date on which penalties and interest begin to be incurred on the tax as provided by Section 33.01.

Tex. Tax Code § 31.04(e) (West 2008). However, "statutes bearing on the same subject matter should be construed together, and both given effect, if possible."

*AISD v. Ogg*, 122 S.W.3d at 270. Accordingly, this Court held:

> We believe that these provisions can both be given effect by construing section 31.04 to apply in situations in which the taxing unit has the name and mailing address for the taxpayer, but either neglects to mail the tax bill or mails it late; however, section 31.04 will not apply in instances in which the taxing unit cannot send the tax bill because it does not have the taxpayer's name or address.

*Id*. In this instance, it is undisputed that the Tax Assessor had the correct names and addresses, but failed to comply with the dual notice requirement. Accordingly, under section 31.04(a) and (e), the delinquency dates were postponed.

### 3. Plaintiff did not waive its right to a refund.

The Defendant's Motion at 10-11 (CR 69-70) argued that waiver entails the "actual intent to relinquish the right or intentional conduct inconsistent with that right" and that Plaintiff's failed attempt to pay the tax on January 28, 2013 constituted a waiver of its right to timely pay at a later date. However, a prompt invalid payment attempt cannot reasonably be interpreted as an intention to relinquish the right to make valid, timely payment at a later date. Suppose after

the failed attempt on January 28, Anheuser-Busch made payment on January 29. Under the twisted reasoning of the Response, Anheuser-Busch would have waived its right to make timely payment at a later date and would owe penalty and interest even though the standard payment deadline without extension was January 31.

Perhaps if Anheuser-Busch had tendered tax, penalty, and interest, it would have exhibited conduct inconsistent with its right to make timely payment. But Anheuser-Busch only tendered the tax amount, demonstrating that it was not waiving its right to make timely payment. 2CR 7 (Summary Judgment Affidavit of Jeffrey J. Comotto). Anheuser-Busch did not pay penalty and interest until much later, and Anheuser-Busch made that payment under protest. *Id*.

### 4. The voluntary payment rule does not apply.

The Defendant's Motion at 12 (CR 71) argued that when Anheuser-Busch made its first attempt at payment in January 2013, it "attempted to make a voluntary payment to Harris County" even though the check was returned for insufficient funds. It is hard to understand how an action that was not even a payment could be a voluntary payment.

Furthermore, the purpose of the voluntary payment rule is that a "party should not be allowed to mislead his opponent into believing that the

controversy is over and then contest the payment and seek recovery." *Highland Church of Christ v. Powell*, 640 S.W.2d 235, 236 (Tex. 1982). Anheuser-Busch failed to make a valid payment of only the tax amount in January 2013; it made a valid payment of only the tax amount only in February 2013; and it made a <u>payment under protest</u> of the penalty and interest amount in December 2013. 2CR 7 (Summary Judgment Affidavit of Jeffrey J. Comotto). Under these facts, the Tax Assessor could not have been misled that Anheuser-Busch was conceding delinquency.

The Texas Supreme Court has also stated that "duress may be implied from a statute which merely imposes penalty and interest for failure to timely pay a tax." *Highland Church of Christ v. Powell*, 640 S.W.2d at 237. Anheuser-Busch paid the disputed penalty and interest amount under duress to stop further penalty and interest from accruing further, and it explicitly designated the payment as being under protest. 2CR 7. There was no voluntary payment of penalty and interest.

### 5.    The Tax Assessor was required to send duplicate notices.

The Defendant's Motion at 12 (CR 71) asserted that the Tax Assessor was not required to send duplicate notices because the government's appointment of agent form stated:

> NOTE: These notices can affect your legal rights. The affected officers are not required to send you duplicate copies.

However, a governmental agency cannot be excused from the consequences of its failure to fulfill its statutory duty simply by issuing a statement denying that it has that statutory duty.

The appointment of agent Form 50-162 signed by Anheuser-Busch contained no language that constituted a waiver of its right to dual notice. CR 84.[1] The Texas Comptroller, which is responsible for Form 50-162, apparently recognized the lack of waiver language in the version of the form signed by Anheuser-Busch. So the Comptroller subsequently replaced the language quoted by the Tax Assessor with the following language in the current form (emphasis added):

> I hereby direct, as indicated below, the appraisal district, appraisal review board, and each taxing unit participating in the appraisal district to deliver the documents checked below to the agent identified above regarding the property identified. I acknowledge that such documents will be <u>delivered only to the agent</u> at the agent's address indicated above and will not be delivered to me unless the affected offices choose to send me copies or are otherwise required by law. I understand that these documents can affect my legal rights and that the appraisal district, appraisal review board, and the taxing units are not required to send me copies if I direct them to deliver the documents to my agent.

2CR 47. Anheuser-Busch requests the court to take judicial notice of the current Property Tax Form 50-162 • 09-13/10, which can be found on the Tax

---

[1] The copy of Anheuser Busch's Form 50-162 in the Clerk's Record is hard to read. Appendix 2 contains a blank copy of the Property Tax Form 50-162 • 08-09/6 that Anheuser Busch signed.

Assessor's own Internet site at: http://www.hcad.org/forms/default.asp?form=9. If Anheuser-Busch had signed the current form, Anheuser-Busch might have waived its statutory right to dual notice. But Anheuser-Busch signed the prior version of the form that did not have waiver language.

### 6. Anheuser-Busch's claim is not barred by sovereign immunity.

The Defendant's Motion for Summary Judgment at 13 (CR 72) asserted sovereign immunity. However, "when a governmental entity is a necessary party to a statutory cause of action, such as an action under the DJA for interpretation of a statute, sovereign immunity is expressly waived." *Brennan v. City of Willow Park*, 376 S.W.3d 910, 922 (Tex. App. - Fort Worth 2012, pet. denied), citing *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 445-46 (Tex. 1994).

The Defendant's Motion countered that "[p]rivate parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages as a declaratory judgment claim." CR 72. In support of this argument, the Defendant's Motion cited *City of El Paso v. Heinrich*, 284 S.W.3d 366, 371 (Tex. 2009) and *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 856 (Tex. 2002). CR 72. However, the opinion in *Brennan v. City of Willow Park*, after citing both *Heinrich* and *IT-Davy* (376 SW.3d at 922), rejected this argument:

Finally, both City of Willow Park and City of Aledo claim that the DJA does not waive their immunity from suit because they claim Appellants are seeking to "recover damages." Appellants do not seek "damages"; at most they seek a refund of the assessed back city taxes paid by some Appellants as a result of the allegedly void actions of Appellees or attributable to Appellees. Appellants pleaded that any Appellants "who made any full or partial payments of the illegal bills sent out by Larry Hammond did so under duress." Thus, because Appellants pleaded that illegal taxes were paid under duress, governmental immunity does not bar Appellants' claim for declaratory relief that also seeks the refund of illegally collected taxes.

*Brennan*, 376 S.W.3d at 925. This case is like the *Brennan* case in that Anheuser-Busch is seeking a refund of a payment under duress, and as such, Anheuser-Busch's claim is not barred by sovereign immunity.

### 7. Anheuser-Busch is not seeking a waiver of penalties and interest.

Finally, the Defendant's Motion at 15 (CR 74) asserts that Anheuser-Busch is not entitled to a waiver of penalties and interest under Texas Tax Code § 33.011. However, Anheuser-Busch is not seeking a waiver of penalty and interest; Anheuser-Busch contends that penalty and interest were not due. The Defendant's argument simply assumes, and does not prove that Anheuser-Busch owed penalties and interest. If Anheuser-Busch did not owe penalties and interest because the statutory deadline was extended, there were no penalties and interest to be waived.

## CONCLUSION AND PRAYER

The Court should "review the summary judgment evidence presented by each party, determine all questions presented, and render the judgment that the trial court should have rendered." *Mahoney v. Slaughter*, No. 01-14-00471-CV (Tex. App. – Houston [1st Dist., 2015, no pet.) (mem. op.). If "a fact issue precludes summary judgment for either party, [the Court should] remand the cause for trial." *Id*.

In this case, the Court should render declaratory judgment that Texas Tax Code § 31.04 postponed the February 1, 2013 due date because the Tax Assessor did not mail the tax bills to both Anheuser-Busch and Anheuser-Busch's designated agent before January 10, 2013; that $9,015,911.93 paid on February 27, 2013 was timely; that no penalty and interest was due on the timely amounts; and that Anheuser-Busch is entitled to a refund of $631,114.08 in penalty and interest charges that Anheuser-Busch paid under protest and under duress.

In the alternative, if the Court rules that the statute does not require dual notice, the Court should remand to the trial court to determine the disputed issue of fact as to whether the Tax Assessor mailed notices to Anheuser-Busch's agent.

Respectfully submitted,

Scott Douglass & McConnico LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701-2589
(512) 495-6300
(512) 495-6399 Fax

By     /s/ *Ray Langenberg*
        Ray Langenberg
        State Bar No. 11911200
        rlangenberg@scottdoug.com
        Curtis J. Osterloh
        State Bar No. 24002714
        costerloh@scottdoug.com

        ATTORNEYS FOR APPELLANT
        ANHEUSER-BUSCH, L.L.C.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on all counsel of record, as listed below, through the electronic filing system and e-mail on July 27, 2015:

Keith Toler
Harris County Attorney's Office
1019 Congress, 15th Floor
Houston, TX 77002
keith.toler@cao.hctx.net


/s/ *Ray Langenberg*
Ray Langenberg

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing instrument was prepared using Microsoft Word 2010, and that, according to its word-count function, the sections of the foregoing pleading covered by TRAP 9.4(i)(1) contain 4,069 words.


/s/ *Ray Langenberg*
Ray Langenberg

## **APPENDIX**

App. 1    April 15, 2015 Order granting Defendant's Motion for Summary Judgment and rendering take-nothing judgment for Defendant. CR 175.

App. 2    Comptroller's Property Tax Form 50-162 • 08-09/6

App. 3    Plaintiff's Motion for Summary Judgment Exhibit 2 – Defendant's Responses to Plaintiff's Request for Admissions, Interrogatories and Production

3/16/2015 2:44:26 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4513342
By: FLORES, DANIEL
Filed: 3/16/2015 2:44:26 PM

NO. 2013-72388

| | | |
|---|---|---|
| ANHEUSER-BUSCH, L.L.C. | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HARRIS COUNTY TAX ASSESSOR-COLLECTOR | § | 55th JUDICIAL DISTRICT |

## ORDER

Came on to be heard the Motion for Summary Judgment of Defendant Harris County Tax Assessor-Collector and after considering the pleadings, motions, response, reply and the evidence on file, and it appearing to the court that such motion should be granted, it is hereby

ORDERED, ADJUDGED, and DECREED that the Motion for Summary Judgment of Defendant Harris County Tax Assessor-Collector is granted, that Plaintiff Anheuser-Busch, L.L.C. take nothing by this suit, and that all of its claims are dismissed with prejudice, and that all costs of court be awarded to Defendant, with all writs necessary for enforcement of this order to issue.

Signed this __15__ day of ___April___, 2015.

_____
Judge Presiding

18

Appendix 1

For Official Governmental Use Only - Do Not Disseminate to the Public: 65042911 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 16, 2015

Certified Document Number:        65042911 Total Pages: 1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**



# Appointment of Agent for Property Taxes

Property Tax
**Form 50-162**

_____
Date received *(appraisal district use only)*

_____
Appraisal district name

_____
Appraisal district phone *(area code and number)*

_____
Address

## INSTRUCTIONS

You can use this form:

- To name a tax agent to represent you on property tax matters;
- To direct that tax notices be mailed to a person you name.

  Read the instructions carefully. This form will be in effect until you file another form with the appraisal district that revokes it or until you file a form that names a different agent.

### STEP 1: Owner's name and address

_____
Owner's name

_____
Present mailing address *(number and street)*

_____
City, town or post office, state, ZIP code

_____
Phone *(area code and number)*

### STEP 2: Describe the property

☐ All property listed for this owner at the above address

☐ The following property *(give account number or legal description)*

_____

_____

_____

*(continue on attached page if needed)*

### STEP 3: Specify the agent's authority for property tax matters *(skip to step 6 if you want to change tax notice mailing)*

☐ General power to represent me in property tax matters concerning this property

☐ Specified powers: the agent has only the powers checked below

    ☐ file notices of protest and present protests before the appraisal review board

    ☐ receive confidential information

    ☐ negotiate and resolve disputed tax matters

    ☐ other action (specify) _____

_____

### STEP 4: Name the agent for property tax matters

_____
Agent's name

_____
Present mailing address *(number and street)*

_____
City, town or post office, state, ZIP code

_____
Phone *(area code and number)*

### STEP 5: Date the agent's authority ends

If you do not fill in a date, the agent's authority will continue indefinitely. You must file a statement revoking this form or designate a new agent to end the agent's authority.

_____
Date

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site:
**www.window.state.tx.us/taxinfo/proptax**

Appendix 2



**Complete steps 6-9 if you want tax notices mailed to an agent.**
**SKIP TO STEP 10 IF YOU DON'T WANT TO CHANGE TAX NOTICE MAILING.**

## STEP 6: Check if you want property tax notices delivered to an agent

☐ I want my agent to receive all my property tax notices and other communication for this property, including appraisal notices, appraisal review board orders and hearing notices, tax bills and collection notices.

☐ I want my agent to receive only the following:

　☐ All communications from the chief appraiser.

　☐ All orders, notices and other communications from the ARB.

　☐ All tax bills and notices from all taxing entities served by the appraisal district.

*NOTE: These notices can affect your legal rights. The affected offices are not required by law to send you duplicate copies.*

## STEP 7: Describe the property for which property tax notices will be delivered

☐ The following property *(give account number or legal description)*

_____

_____

_____

*(continue on attached page if needed)*

☐ My agent will provide a list

*NOTE: the designation of an agent to receive communication only applies to properties you expressly identify and only affects notices generated after the date you file the list identifying the property with the appraisal district.*

## STEP 8: Name the person who will get the notices

_____
Name of person or firm

_____
Present mailing address *(number and street)*

_____　　_____
City, town or post office, state, ZIP code　　　　　　　Phone *(area code and number)*

## STEP 9: Date the change of delivery ends

If you do not fill in a date, tax notices will continue to be mailed to your agent indefinitely. You must file a statement revoking this form or designate a new agent to end the agent's authority.

_____
Date

## STEP 10: Sign the form

**sign here** ▶ _____　　_____

　　　　　　Owner, property manager, or person authorized to act on behalf of the owner.　　Date the designation took effect

This form must be signed by the property owner; a property manager authorized to designate agents for the owner; or another person authorized to act on behalf of the owner other than the person being designated as agent on this form. A property manager or other person should attach a copy of the document authorizing the person to designate agents or act on behalf of the owner.

**If you make a false statement on this form, you could be found guilty of a Class A misdemeanor or a state jail felony under Texas Penal Code Section 37.10.**

| ANHEUSER-BUSCH, L.L.C. | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HARRIS COUNTY TAX ASSESSOR-COLLECTOR | § | 55th JUDICIAL DISTRICT |

## DEFENDANT HARRIS COUNTY TAX ASSESSOR-COLLECTOR'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, INTERROGATORIES AND PRODUCTION

To: Plaintiff, ANHEUSER-BUSCH, L.L.C., by and through its attorney of record, Curtis J. Osterloh, SCOTT, DOUGLASS & McCONNICO, L.L.P., One American Center, 15th Floor, 600 Congress Avenue, Austin, Texas 78701.

COMES NOW, Defendant Harris County Tax-Assessor Collector and pursuant to the Texas Rules of Civil Procedure, serves its Responses to Plaintiff's First Request for Admissions, Interrogatories and Request for Production heretofore propounded upon it in the above-entitled and numbered cause.

Respectfully Submitted,
VINCE RYAN
HARRIS COUNTY ATTORNEY

STEVE SMITH
Assistant County Attorney
State Bar No. 18684400
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5145
Facsimile: (713) 755-8924
ATTORNEY-IN-CHARGE FOR
DEFENDANT HARRIS COUNTY
TAX ASSESSOR-COLLECTOR

## CERTIFICATE OF SERVICE

I hereby certify that on _Feb. 26_, 2014 a true and correct copy of the above and foregoing document was mailed by certified mail, return receipt requested and/or sent by facsimile to all attorneys of record.

Steve Smith

**Exhibit 2**                    Appendix 3

**DEFENDANT HARRIS COUNTY TAX ASSESSOR-COLLECTOR'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGARORIES AND REQUEST FOR PRODUCTION**

**Request for Admission No. 1:**

On January 28, 2013, the Harris County Tax Assessor-Collector received a property tax payment from Anheuser-Busch, L.L.C. in the amount of $9,015,911.93.

**Response:** Admit that the Harris County Tax Assessor-Collector received a check from Anheuser-Busch, L.L.C. in the amount of $9,015,911.93 on January 28, 2013 but deny that it received payment because the check was dishonored by the bank.

**Interrogatory No. 1:**

If the previous Request for Admission was not admitted without qualification, please explain the reason that it was not admitted without qualification.

**Response:** The check the Harris County Tax Assessor-Collector received was not "payment" for the taxes Anheuser-Busch, L.L.C. owed because the check was dishonored by the bank and did not pay for the taxes owed.

**Request for Admission No. 2:**

If the payment described in the previous Request for Admission had been honored by the bank, the property tax liability of Anheuser-Busch, L.L.C. to the Harris County Tax Assessor-Collector would have been timely paid.

**Response:** Admit that if the check described in the previous Request for Admission had been honored by the bank, the property tax liability of Anheuser-Busch, L.L.C. to the Harris County Tax Assessor-Collector would have been timely paid.

**Interrogatory No. 2:**

If the previous Request for Admission was not admitted without qualification, please explain the reason that it was not admitted without qualification.

**Response:** The Harris County Tax Assessor-Collector did not receive payment from Anheuser-Busch, L.L.C., only a check that was dishonored.

**Request for Production No. 3:**

Produce all 2012 tax bills (as that term is used in Texas Property Tax Code § 31.04) sent to Anheuser- Busch, L.L.C. or its agent.

**Response:** Harris County does not have copies of the original tax bills. The tax bills attached are regenerated copies of the bills sent to Anheuser-Busch, L.L.C. or its agent.

**Interrogatory No. 3:**
State the dates and addresses to which the Harris County Tax Assessor-Collector mailed 2012 tax bills (as that term is used in Texas Property Tax Code § 31.04) for the following accounts:

Account No. 2-2028682,
Account No. 2-2144716,
Account No. 121-756-001-0001,
Account No. 121-756-002-0001,
Account No. 121-756-002-0002,
Account No. 121-756-003-0001, and
Account No. 2-0049253.

**Response:**

Statements for account Numbers 2-2028682 and 2-2144716 were mailed during the period of Nov. 19-21, 2012 to Anheuser Busch, Inc., Corp. Tax Dept., Saint Louis, Mo. 63118-1849.

Statements for accounts numbers 121-756-001-0001, 121-756-002-0001, 121-756-002-0002, 121-756-003-0001, and 2-0049253 were mailed during the time period of Nov. 27-29 to Duff & Phelps, LLC, P.O. Box 2629, Addison, Texas 75001-2629.

After the accounts were delinquent, statements for account numbers 2-2028682, 2-2144716, 121-756-001-0001, 121-756-002-0001, 121-756-002-0002, 121-756-003-0001, and 2-0049253 were mailed during the time period of Feb. 8-10, 2013 to Anheuser Busch, Inc., c/o Corp. Tax Dept., P.O. Box 1860, Saint Louis, Mo. 63118-0860 and Anheuser Busch, 775 Gellhorn Dr., Houston, Texas 77029.

**Request for Production No. 4:**
Produce all Documents indicating that the tax bills were mailed to the addresses on the dates stated in answer to the previous interrogatory.

**Response:** See the document attached to this response.

**Request for Production No. 5:**
Produce all Documents indicating that the tax bills were not or may not have been mailed to the addresses on the dates stated in answer to the previous interrogatory.

**Response:** No items have been identified-after a diligent search-that are responsive to this request.

**Interrogatory No. 4:**
Identify any persons with personal knowledge that the tax bills were mailed to the addresses on

the dates stated in answer to the previous interrogatory.

**Response:** Donna Edwards
                Pam Buckelew
                Office of the Harris County Tax Assessor-Collector
                1001 Preston, 1st Floor
                Houston, Texas 77002

**Interrogatory No. 5:**
Identify the person with the most knowledge about the procedures used by the Harris County Tax Assessor-Collector to mail the 2012 tax bills to Anheuser- Busch, L.L.C. and its agent.

**Response:** An objection is made to this interrogatory as assuming facts not in evidence, ambiguous, and calling for speculation.

**Request for Production No. 6:**
Produce all Documents related to an evaluation, study or audit of the mailing of tax bills by the Harris County Tax Assessor-Collector or its designated agent.

**Response:** No items have been identified-after a diligent search-that are responsive to this request.

**Request for Production No. 7:**
Produce all Documents indicating tax bills were not mailed or not mailed in a timely manner by the Harris County Tax Assessor-Collector or its designated agent.

**Response:** No items have been identified-after a diligent search-that are responsive to this request.

**Request for Admission No. 1:**
Harris County Tax Assessor-Collector or its designated agent has failed to timely mail tax bills to Harris County real estate owners.

**Response:** Deny

**Interrogatory No. 6:**
If the previous Request for Admission was not admitted without qualification, please explain the

reason that it was not admitted without qualification.

**Response:** The admission was denied because it is not a true statement.

**Interrogatory No. 7:**
Identify all late payments penalties waived by the Harris County Tax Assessor-Collector from the years 2011 through 2013.

**Response:** An objection is made to this interrogatory as asking a question that is not relevant, is overly broad and burdensome, and harassing.

**Request for Production No. 8:**
Produce all Documents related to a contract with a third party to mail tax notices on behalf of the Harris County Tax Assessor-Collector.

**Response:** See the documents attached to this Response to Request for Production.

**Request for Admission No. 2:**
Anheuser-Busch L.L.C. properly appointed Duff & Phelps, LLC as its agent to receive 2012 tax notices for all property within Harris County.

**Response:** An objection is made to the request for admission because it asks the party to admit a proposition of law, calls for speculation, and is ambiguous.

**Interrogatory No. 8:**
If the previous Request for Admission was not admitted without qualification, please explain the reason that it was not admitted without qualification.

**Response:** See the objections made to the admission.

**Request for Production No. 9:**
Produce all Anheuser- Busch, L.L.C. appointments of agent for tax notices for 2012 property tax bills.

**Response:** See the documents attached to this Response to Request for Production.

**Request for Admission No. 3:**
If a taxpayer appoints an agent, the usual procedure of the Harris County Tax Assessor-Collector is to address the tax notice to the agent.

**Response:** Admit that if a taxpayer appoints an agent which is shown on the rolls of the Harris

County Appraisal District rolls, the usual procedure of the Harris County Tax Assessor-Collector is to address the envelope containing the tax notice (the tax statement) to the agent, but deny that the tax notice (the tax statement) itself is addressed to the agent.

**Interrogatory No. 9:**
If the previous Request for Admission was not admitted without qualification, please explain the reason that it was not admitted without qualification

**Response:** Non-applicable.

**Request for Admission No. 3:**
The Harris County Tax Assessor-Collector did not address and mail the tax notices for the following accounts to both Anheuser Busch LLC and Duff & Phelps
Account No. 2-2028682,
Account No. 2-2144716
Account No. 121-756-001-0001,
Account No. 121-756-002-0001,
Account No. 121-756-002-0002,
Account No. 121-756-003-0001, and
Account No. 2-0049253.

**Response:** Admit that tax notices (tax statements) for Account No. 2-2028682 and Account No. 2-2144716 were addressed and mailed to Anheuser Busch LLC but not Duff & Phelps, and admit that tax notices (tax statements) for Account No. 121-756-001-0001, Account No. 121-756-002-0001, Account No. 121-756-002-0002, Account No. 121-756-003-0001, and 2-0049253 were addressed and mailed to Duff & Phelps but not Anheuser Busch LLC.

Admit that tax notices (tax statements) for account numbers 2-2028682, 2-2144716, 121-756-001-0001, 121-756-002-0001, 121-756-002-0002, 121-756-003-0001, and 2-0049253 that were mailed in February 2013, were mailed only to Anheuser Busch LLC, and not Duff & Phelps.

**Interrogatory No. 10:**
If the previous Request for Admission was not admitted without qualification, please explain the reason that it was not admitted without qualification

**Response:** Not applicable.

**Request for Production No. 10:**
Produce all Documents describing the procedures used by the Harris County Tax Assessor-Collector to properly address and mail tax notices

**Response:** The Texas Tax Code Annotated. Objection is made to producing this document because it is equally available to Plaintiff as it is to Defendant and is a public document.

## Interrogatory No. 11:
Identify your trial witnesses, as required by Rule 192.3(d), and briefly state their connection with the case.

**Response:** All persons listed as having knowledge of relevant facts and all expert witnesses shown in both parties Responses to Request for Disclosure, and who are incorporated by reference into this answer.

## Request for Production No. 11:
Produce the documents required by Request for Disclosures f(3) and f(4).

**Response:** An objection is made to this request as these documents, if available, have already been provided in the Defendant's Response to Request for Disclosure and this request duplicates that response, and further objection is made that this Request for Production is an impermissible Request for Production pursuant to Tex. R. Civ. P. 195.1.

## Request for Production No. 12:
Produce the documents required by Request for Disclosure (1).

**Response:** This request is impermissible because no documents are required to be produced under Request for Disclosure (1) and the Defendant is not required to create a new document in response to a request for production.

## Request for Production No. 13:
Produce all Documents relied on in answering Plaintiff's First Request for Admissions, Interrogatories and Request for production and not produced in response to any of the previous requests for production of documents.

**Response:** An objection is made to this request as being overly broad, harassing, not relevant overly burdensome, and requests documents not required to be produced under the Rules of Civil Procedure. Further objection is made that the request violates the attorney work product rule.

THE STATE OF TEXAS     §

                               §

COUNTY OF HARRIS     §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Elizabeth Doss, who being by me duly sworn on his oath deposed and said that,

         "I have read the above and foregoing Defendant's Answers to Plaintiff's First Set of Interrogatories  and the statements contained therein are within my personal knowledge and are true and correct, except for answers numbers 3 and 11,  which are based on information obtained from other persons.

                                          _____

                                          Elizabeth Doss

SUBSCRIBED AND SWORN TO BEFORE ME ON this _25_ day of _February_ ,

2014, to certify which I affix my hand and seal of office.

MELISSA L. JEFFERS
Notary Public, State of Texas
My Commission Expires
March 05, 2016

_____
Notary Public in and for the State of Texas