**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 16-3128 & 16-3656
_____

HASSAN M. ELANANY
a/k/a Hassan Magdy Eltabey Mohamed Ela,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A058-555-250)
Immigration Judge: Roxanne C. Hladylowycz
_____

Submitted under Third Circuit LAR 34.1(a)
on May 24, 2017

Before: HARDIMAN, ROTH and FISHER, <u>Circuit Judges</u>

(Opinion filed: February 27, 2018)

_____

OPINION[*]
_____

ROTH, <u>Circuit Judge</u>

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Hassan M. Elanany is a native and citizen of Egypt. He is in removal proceedings and seeks cancellation of removal. He petitioned for review of the agency determination that he does not merit discretionary cancellation of removal. We will deny the petition.

## I. Background

On September 19, 2006, at age 14, Elanany was admitted to the United States from Egypt as a lawful permanent resident. On April 23, 2012, he was convicted of retail theft. On January 22, 2015, he was convicted of terroristic threats, stalking, and possession of a controlled substance. The Department of Homeland Security (DHS) began removal proceedings. Elanany conceded removability but sought cancellation of removal; he submitted evidence of completion of a drug treatment program. On September 29, 2015, the Immigration Judge (IJ) concluded that Elanany was eligible for cancellation of removal but denied relief as a matter of discretion due to Elanany's criminal history. Elanany appealed the IJ's decision to the Board of Immigration Appeals (BIA), submitted further evidence of drug treatment, and filed a motion to remand to the IJ. On June 14, 2016, the BIA dismissed the appeal and denied the motion. Elanany filed a motion to reconsider, partly based on the BIA's failure to consider his evidence of completing a drug treatment program and partly based on new evidence submitted with his motion: a scholarly article relating to remorse. On August 18, 2016, the BIA issued a new decision that evaluated his motion both as a motion to reconsider and a motion to reopen. Granting the motion to reconsider, the BIA took into account the evidence of rehabilitation. However, it denied the motion to reopen and remand, again affirming the

2

IJ's denial of relief as a matter of discretion. It concluded that Elanany's extensive criminal history, insufficient showing of remorse, and inadequate rehabilitation outweighed his limited positive equities. Elanany now petitions for review of the denial of the motion to reopen.

## II. Discussion

### A. Jurisdiction and Decision Under Review

Under 8 U.S.C. § 1252, when we review immigration proceedings, we have jurisdiction to decide constitutional claims and questions of law but not challenges to discretionary determinations.[1] "Because the BIA issued its own decision, we review that decision, and not that of the IJ."[2] However, "we will review the IJ's . . . opinion to the extent that the BIA relied upon [it]."[3] After a motion to reconsider/reopen, we primarily focus our review on the second BIA decision; when the BIA's second decision employed the same reasoning as the first, we have no need to refer to the first, and when the second employed different reasoning, the first is without effect.[4]

### B. Failing to Consider Evidence and Provide Analysis

Elanany first argues that the BIA failed to consider and analyze all material evidence. This is a question of due process: An alien facing removal is entitled to due process, including an individualized determination considering "the evidence and

---

[1] *Sukwanputra v. Gonzales*, 434 F.3d 627, 634 (3d Cir. 2006).
[2] *Sheriff v. Attorney Gen. of U.S.*, 587 F.3d 584, 588 (3d Cir. 2009) (citing *Ezeagwuna v. Ashcroft*, 301 F.3d 116, 126 (3d Cir. 2002)).
[3] *Wang v. Attorney Gen. of U.S.*, 423 F.3d 260, 267 (3d Cir. 2005).
[4] *See Thomas v. Attorney Gen. of U.S.*, 625 F.3d 134, 140 (3d Cir. 2010).

argument that [the alien] presents."[5]  Elanany faults the BIA's decision because he claims

that it mentions only one item of evidence that it considered—the scholarly article related

to remorse—and summarily treats the other evidence by referring to it as "the remaining

evidence."  However, he mischaracterizes the BIA's decision, which also refers to "a

February 2016 drug treatment completion certificate" and states that Elanany's

"rehabilitative efforts . . . are laudable[.]"[6]  Moreover, the evidence of rehabilitation that

Elanany faults the BIA for failing to mention showed that Elanany had completed some

drug treatment and was continuing further drug treatment.  Thus, we have no basis to

conclude that the BIA did not consider the evidence that Elanany presented.

### C. Applying the Wrong Legal Standards

Elanany next argues that the BIA applied the wrong legal standards in its decision

denying the motion to reopen.[7]  The BIA may deny a motion to reopen or remand for

several reasons, two of which are that the movant has not made out a *prima facie* case

and that the movant does not merit discretionary relief.[8]  Here, Elanany refers to the

sentence in the BIA's decision stating, "The remaining evidence does not change our

---

[5] *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001) (quoting *Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994)) (internal quotation marks omitted).  We review the denial of a motion to reopen for abuse of discretion, but "we review *de novo* the Board's determination of an underlying procedural due process claim."  *Fadiga v. Attorney Gen. U.S.*, 488 F.3d 142, 153 (3d Cir. 2007).

[6] App. 6.

[7] We review "whether the BIA applied the correct legal standard in considering the motion to reopen" *de novo*.  *Fadiga*, 488 F.3d at 153-54.

[8] *I.N.S. v. Abudu*, 485 U.S. 94, 104-05 (1988); *Huang v. Attorney Gen. of U.S.*, 620 F.3d 372, 389 (3d Cir. 2010); *Matter of Coelho*, 20 I. & N. Dec. 464, 472 (BIA 1992).

4

conclusion that the respondent does not merit discretionary relief[,]"[9] and observes that the BIA then cites cases that, among other things, describe the elements of a *prima facie* case. He argues that this juxtaposition indicates that the BIA may have confused the factors for discretionary relief with the elements of a *prima facie* case.

We do not agree. The cases cited following the quoted sentence explain that the BIA may skip discussion of the *prima facie* case if it decides that, in its discretion, it would deny relief in any event.[10] Here, the BIA did precisely that and the citation supports the proposition that it had the authority to do so. We see no confusion about standards in the BIA's decision.

Elanany further argues that the BIA's decision considered only rehabilitation, even though there are many factors to consider in deciding whether to grant cancellation of removal.[11] Elanany concedes, however, that the BIA considered his positive equities as well. Moreover, the BIA expressly relied on the IJ's decision, which balanced the equities at length. The BIA addressed only those factors that it was revisiting from the IJ's decision, and there was no need for it to do more. Hence, we find no error.[12]

### III. Conclusion

For the foregoing reasons, we will deny the petition.

---

[9] App. 6.

[10] This is true both for a motion to reopen and a motion to remand. *Abudu*, 485 U.S. at 105; *Huang*, 620 F.3d at 389; *Coelho*, 20 I. & N. Dec. at 472-73.

[11] *See In re C-V-T-*, 22 I. & N. Dec. 7, 11 (BIA 1998) (listing factors).

[12] Elanany raises a third claim, that the BIA should have granted his motion to reopen because it was supported by substantial evidence, but this is a challenge to the BIA's exercise of discretion and, as discussed above, we lack jurisdiction to address it.